Campbell, J.
Boyd was liable on the note as endorser. The cases cited by the defendant’s counsel are those where the action is brought by the payee or first endorser, against a subsequent endorser, or when suit is confessedly for the benefit of payee or the endorser.
We do not think there is anything in this case tending to show that the plaintiffs are not bona fide holders for full value, and they appear to have relied on the endorsement of the defendant Boyd when they discounted the note.
The certificate of the notary we think was sufficient. Laws of 1833, § 8, chapter 271, make such certificate presumptive evidence of the facts contained in it, unless the defendant shall annex to his plea an affidavit denying the fact of having received notice. Here the defendant expressly admits in his answer that he received notice, but denies that he has sufficient knowledge or information to form a belief whether he received due notice. If we concede that the mere answer may stand in place of the affidavit required by the statute, we do not think it meets the requirements of the law. The answer does not deny, but expressly admits the receipt of notice. The certificate states that notice was duly served, and it was presumptive evidence of that fact.
It was not necessary in this view for the plaintiff to have called the witness Tyler.
The fact that the plaintiffs are indebted to Crum, the payee and first endorser, we do not think material. It nowhere appears how that indebtedness arose or whether .the money is *40 due. For aught that appears it may be a mortgage debt, not due.
Bosworth, J.
The plaintiffs are entitled to judgment on the verdict.
As to certain points there can be no controversy. Boyd endorsed the note at the request of Davis, that it might be delivered to Crum. It was so delivered: no fraud was practised by Crum on Davis, nor did he make any warranty which has been broken. Davis knew when he gave the note, that a patent had not then been obtained. One was subsequently obtained by Crum, and assigned by him to Davis and Evans, which assignment they accepted as performance by Crum of his promise to them. As between Davis and Crum the note was made on a good consideration; and Boyd, in the most favorable aspect of the case for him, was an endorser for the general accommodation of Davis, the maker: his endorsement has not been misapplied. The note was negotiated to the plaintiffs before maturity, for full value. They are therefore entitled to recover against Boyd, as endorser, if he has been properly charged as such.
The defendant Boyd, in his first point, erroneously states, as a ground for the inadmissibility of the notary’s certificate to prove demand of payment, that Boyd had “ annexed to his plea an affidavit denying the fact of having received notice.”
The answer admits expressly " receiving notice of protest of such note,” but alleges the want of sufficient knowledge “ to form a belief whether or not he received due notice of said protest.” The notary’s certificate was therefore competent evidence of any facts contained, and by law authorized to be stated, in it. It shows due presentment of the note, demand of payment, failure to pay it, and protest of it, for non-payment.
Next, as to the service of notice of "the .protest on Boyd. Tyler testifies to serving a notice in proper form, and on the right day, by leaving it at Boyd’s place of business. He served it by putting it under the door, and does not state whether it "was served in the morning before the store was opened, or at evening after it was closed, nor whether the store was open or closed at the time of the service. Such evidence, standing *41 alone, would be unsatisfactory, and perhaps insufficient. But Boyd admits receipt of the notice, and does not deny that he received it on the day it was served. The testimony of Tyler and Boyd’s admission, together furnish sufficient prima facie evidence of due service of notice of protest on Boyd: and that he received on the day on which it might, legally, have been served.
Whether Boyd, as between Crum and himself, is to be regarded as first or second endorser, is of no consequence in this suit. He is an endorser who has been regularly charged as such, and the plaintiffs are holders for value. One who endorses for the general accommodation of the maker, or payee of a note, is liable to a holder for a value, taking it before maturity, though the holder knew when the note was transferred to him that the endorsement was an accommodation one.
The fact that the plaintiffs were indebted to Crum at the time they bought the note in the sum of $5,000, and that they were indebted to him when this action was tried, is neither a legal nor an equitable defence to Boyd. -It does not appear that such indebtedness was due when this action was commenced, so that it could have been set off by Crum, if he had been sued. And no such defence is set up in Boyd’s answer. The nearest approach to such a defence is found in the allegations that the note was never negotiated to the plaintiffs, that they paid Crum no consideration for it, that Crum delivered it to them, to be collected by them for him as his agents. These allegations are disproved by uncontradicted testimony, given by a witness called by Boyd.
If, as between Boyd and Crum, the former is to be treated as last endorser, and therefore entitled, on paying the note, to maintain an action against Crum, there is no allegation of his being unable to pay it, or of there being the slightest risk of Boyd’s ability to collect it from him.
All questions as to the effect of writing the guaranty on the note, over the name of Boyd, having been expressly waived by him on the argument, it is unnecessary to consider them. The motion by Boyd, for a new trial, should be denied.
Emmet, J., concurred. Motion for a new trial denied. Judgment for plaintiff, with costs.