JOHN PETTIGREW v. WILLIAM G. CHAVE AND JOHN R. BRIGGS.

Where a note is made for the accommodation of another, and given to him without restriction as to its use, it is no answer to an action against the maker upon it, by a person to whom it has been duly indorsed, that the note was so made, and the plaintiff received it with knowledge of that fact.

In such a case, a holder for value, before maturity of the note, is entitled to recover upon it, though he had full knowledge, at the time he received it, of the circumstances under which it was given.

To a complaint, in an action on a promissory note against the maker and payee, the maker answered that he made the note for the accommodation of the payee, and that fact was known to the plaintiff when he received it. *Held*, that the answer was frivolous.

As the answer did not allege any fraud in the transfer of the note to the plaintiff, nor that he did not give full value for it, it must be presumed that there was no fraud in the transaction, and that the plaintiff acquired the note for a valuable consideration.

AT SPECIAL TERM, *April* 21, 1859.

Motion for judgment against the defendant Chave, on account of the frivolousness of his answer. The action was upon a promissory note made by the defendant Chave to the order of the defendant Briggs, and subsequently indorsed to the plaintiff. The complaint was in the usual form, alleging the making of the note, its delivery to the payee, and his subsequent indorsement of it to the plaintiff for a valuable consideration before maturity. The answer of the defendant Chave merely set up that he made the note for the accommodation of the payee, and that the plaintiff knew, when he received it, that it was so made without consideration. The plaintiff moved for judgment, regarding the answer as frivolous.

*Brown, Hall & Vanderpoel*, for the motion.

*Edward Person*, opposed.

HILTON, J.—The defendant Chave sets up, as a defence, that the note sued on was made by him solely for the accommodation

of his co-defendant, and that the want of consideration was known to the plaintiff when he received it. The plaintiff moves for judgment on account of the frivolousness of this answer, and he is clearly entitled to have his motion granted.

No fraud in the transfer of the note is alleged, nor is it averred that the plaintiff did not give a full and valuable consideration for it; and, as was said by Chief Justice MANSFIELD in *Charles* v. *Marsden*, (1 Taunt. 224), "it must, therefore, be presumed that he did, and that there is no fraud in the transaction."

Where a note is given under no restriction, but is made merely for the accommodation of the payee, and afterwards negotiated, it is no answer to an action brought upon it, to say that it was made for the accommodation of the payee, and that that fact was known to the plaintiff when he received it. In such a case, the holder for a valuable consideration is entitled to recover, though he had full knowledge of the transaction. *Smith* v. *Knox*, 3 Espinasse, 46. These rules are well settled, and no decision can be found asserting a contrary doctrine. *Grant* v. *Ellicott*, 7 Wendell 227; *Small* v. *Smith*, 1 Denio, 585; *Brown* v. *Mott*, 7 John. 361; Edwards on Bills and Notes, 318.

Motion granted, with $10 costs.