GEORGE W. MONTGOMERY, Respondent, *v.* VINCENT R. SCHENCK, Appellant.

*Indorser of a note — test of his liability to the payee — defense of payment by realizing on collateral.*

Where a note is made payable to the order of one person, and before it is delivered to the payee it is indorsed by a third person, such indorser is not to be considered liable as indorser to the payee, unless the note was given and the indorsement made for the specific purpose of the maker's obtaining credit with the payee, and there was an agreement to that effect. The intention of the

indorser and not that of the holder is the test of the liability of the indorser, which liability is to be determined by a consideration of the question as to whether the indorser intended to create a credit for the maker.

In an action upon a promissory note, where the indorser thereof sets up the defense of payment, he has the right to prove such payment by showing that at the time the note was given there was an arrangement under which the maker was to furnish additional security in the shape of collateral; that this was subsequently done by the delivery to the payee of a certificate of deposit in an amount exceeding the amount of the note; that the payee of the note upon obtaining possession of the certificate surrendered the same, and obtained a certificate of deposit, representing such amount, in his own name.

The indorser may also show such payment by proving the terms of an agreement between the holder and maker of the note, in pursuance of which the indorser claims that the reduction of the collateral by the former to his possession constituted a payment of the note.

APPEAL by the defendant, Vincent R. Schenck, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of May, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit.

*William C. Beecher,* for the appellant.

*Edward F. Brown,* for the respondent.

O'BRIEN, J. :

No motion was made for a new trial, and consequently no appeal is taken from an order denying the same, and we are left to consider merely the exceptions. The action was brought to recover on two promissory notes, liability upon one of which was conceded, the controversy turning upon the question of defendant's liability upon the other. This note was made by one Midgley to the order of the plaintiff and indorsed by defendant. The evidence showed that these notes were renewals of two former notes which were indorsed in the same way and delivered to the plaintiff as the outcome of an arrangement for an extension. The defendant's contentions are, that there was no evidence to show that his indorsement was for the purpose of enabling the maker to obtain a credit of the payee, and that the maker had paid the note.

The plaintiff presented his testimony in a rather confused way, so that it is somewhat difficult upon the record to determine whether

the arrangements made at the time of the giving of the notes related to the original or these renewal notes, but giving, as the jury did, the most favorable inference to plaintiff's testimony, this was met by the defendant's to the effect that he indorsed the note in question because the plaintiff so wanted it, and because he wanted to handle it, and not for the purpose of giving credit to Mr. Midgley. If true, this tended to show that the indorsement was to benefit Montgomery, and not to give credit to the maker.

In this condition of the record it was important that the law bearing upon the question should be clearly stated, and the court at the outset of its charge correctly stated the rule as laid down in *Coulter* v. *Richmond* (59 N. Y. 478), "that where a note is made payable to the order of one person, and before it is delivered to the payee it is indorsed by a third person, that that person is not to be considered as liable as indorser to the payee, unless the note was given for the specific purpose of obtaining credit with the payee and there was an agreement to that effect." In the application, however, of this rule the court said that if plaintiff determined "that he would not take a new note unless it was indorsed by Schenck, and that he consented to the renewal, and took the note under those circumstances, then he (Schenck) is liable as an indorser to the plaintiff." This seemingly would make the intention of the holder the test of liability, instead of the intention of the indorser; but the indorser's liability is to be determined by a consideration of the question as to whether he intended to create a credit for the maker. We think, also, that the court was inexact in its further charge, referring to the testimony of the defendant that the indorsement was to enable the plaintiff to "handle" the paper, in saying: "If you believe he meant by that expression that he could get the note more readily discounted upon the ground that this defendant had agreed to become the indorser to him (the payee), then I charge you you may render a verdict for the plaintiff."

Apart, however, from this, we think that for another reason the judgment must be reversed. The defendant alleged payment by the maker of the note, and attempted to prove such payment by showing that at the time the note was given there was an arrangement about furnishing additional security in the shape of collateral, which was subsequently done by the delivery to the plaintiff of a cer-

tificate of membership in the Assurance Lloyds of America, and that there was to the credit of this certificate $5,000, the amount originally deposited by Midgley, together with $2,000 surplus, thus giving to plaintiff a certificate representing $7,000, which was indorsed to him and surrendered, and for which he received a new one in his own name, thereby constituting him a member entitled to all of Mr. Midgley's rights in the Lloyds. As the note was for but $5,000, we think it was competent to prove the delivery to plaintiff of the certificate entitling him to the $5,000 deposited by Mr. Midgley, together with the profits upon the certificate, and which he took possession of by surrendering and obtaining a certificate in his own name. The court struck out all the testimony offered upon this point, and would not permit Mr. Midgley to testify to the agreement between himself and the plaintiff regarding the certificate, nor permit the certificate itself to be put in evidence; and thus all the proof offered by the defendant tending to support his defense of payment was excluded. We think he should have been allowed to show, if he could, that the plaintiff had obtained payment on the note by reducing the collateral pursuant to his agreement with the maker.

Judgment accordingly reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.