WILLIAM H. SMITH, Appellant, *v.* ABIJAH WESTON, Respondent, Impleaded with Others.

*Accommodation indorser — the renewal of a note by the maker is notice to the creditor of the fact — a partner indorsing for accommodation — estoppel.*

Where a creditor takes from his debtor, in renewal of an existing note made by him, a new note already indorsed, it is notice to the creditor that the indorsement upon the new note is for the accommodation of the maker and that no consideration was received therefor.

Where a partner indorses the firm name for accommodation, and such act is not done in the course of the firm business, and the holder has notice of the nature of the indorsement, he cannot recover against the firm.

No estoppel can arise against a partner, from the fact that he was aware that another partner was indorsing the firm name for accommodation, where it appears that the former remonstrated against the practice on every occasion and finally dissolved the firm because it was continued.

APPEAL by the plaintiff, William H. Smith, from a judgment of the Supreme Court in favor of. the defendant Abijah Weston, entered in the office of the clerk of the county of Cattaraugus on the 12th day of February, 1894, upon the dismissal of the complaint directed by the court after a trial at the Cattaraugus Circuit.

*Charles S. Cary,* for the appellant.

*J. H. Waring,* for the respondent.

LEWIS, J. :

The action was brought against the defendants as second indorsers upon a promissory note made by George Van Campen & Sons, for the sum of $2,000, payable to the order of J. K. Van Campen, administrator, etc. It was indorsed by the payee, who was a member of the firm of makers, and at his request William W. Weston, one of the firm of Weston Brothers, indorsed thereon the firm name of Weston Brothers. Abijah Weston alone defended. The indorsement of the defendants' firm name was for the accommodation of the makers and not in the course of the partnership business, and was made without the knowledge or consent of the respondent, who was at the

time a member of said firm of indorsers. The payee, J. K. Van Campen, after obtaining such indorsement upon the note, transferred the same directly to the plaintiff in renewal of another promissory note of a like amount made by the same makers and indorsed in like manner. There was no substantial conflict in the evidence, and at its close plaintiff's counsel stated to the court that in his opinion there was no question for the jury and he asked for a direction of a verdict for the plaintiff. His motion was denied, and thereupon defendants' counsel requested the court to direct a verdict for the defendant, which the court did, and the plaintiff duly excepted. The effect of this request by both parties for a direction of a verdict was to submit the questions of fact for the decision and determination of the court without a jury. (*Thompson* v. *Simpson*, 128 N. Y. 283.) The firm's name having been indorsed upon the note by William W. Weston for the accommodation of the makers, and not in the course of the partnership business, Abijah Weston was not liable upon it if the plaintiff was aware of the facts at the time he took it. Taking the note directly from the makers in renewal of a loan previously made to them, was evidence to the plaintiff that the defendants' indorsement was for the makers' accommodation and without consideration. (*Nat. Park Bank* v. *G. A. M. W. & S. Co.*, 116 N. Y. 281–293.)

It is claimed by the appellant that the defendant should be estopped from interposing the defense for the reason that he was aware his brother William W. had on many prior occasions used the firm name in like manner. There was evidence tending to show that the defendant William W. had so indorsed the firm name on prior occasions without the consent of the other partners, and that knowledge thereof had from time to time been communicated to Abijah. Abijah testified that he had known that his brother had thus used the firm name, but that on every occasion when the information came to him he remonstrated with his brother for so doing and threatened to dissolve the firm if the practice was persisted in, and that William on every occasion promised that he would not repeat it, but that he violated his promise, and the defendant finally caused a dissolution of the firm in consequence thereof. It was not shown that the plaintiff knew at the time he discounted the note of these former indorsements of the defendants'

firm name by William.    The plaintiff failed to make a case entitling him to judgment.

The judgment should be affirmed.

BRADLEY and WARD, JJ., concurred; DWIGHT, P. J., not voting.

Judgment affirmed.