FIRST NATIONAL BANK of Friendship, N. Y., Appellant, *v.* ABIJAH WESTON, Respondent, Impleaded with Others.

*Bills and notes — duty of a purchaser to inquire — notice of indorsement for accommodation — presumption as to the inception of a note.*

It is not the duty of parties about to purchase negotiable paper to make any inquiries, not required by good faith, as to possible defenses of which they have no notice either from the face of the paper or from facts communicated at the time.

A note made by the firm of George Van Campen & Sons, payable to the order of J. K. Van Campen, indorsed by him and by the firm of Weston Brothers as second indorsers, was mailed to a bank by the payee for discount.

It was discounted and its proceeds were applied to the payment of a note, falling due at the time, which was one of a series of notes in all respects similar to it.  The first note of this series was discounted for the benefit of George Van Campen.

In an action upon the first-mentioned note the plaintiff's cashier testified that the application of the note was made according to instructions, and that he did not know that J. K. Van Campen was one of the makers of the note, or that he was a member of the firm of George Van Campen & Sons — and there was in fact, on the trial of the action, no affirmative proof that he was a member of that firm.

Abijah Weston, one of the firm of Weston Brothers, defended the action upon the ground that the indorsement was made for accommodation by another member of that firm without his consent and was not made in the business of the firm.  The court directed a verdict for the defendant.

*Held,* that the direction was erroneous and that the case should have been submitted to the jury;

That as the note was presented for discount by the payee, the legal presumption was that it had its inception in his hands.

APPEAL by the plaintiff, the First National Bank of Friendship, ·N. Y., from a judgment of the Supreme Court in favor of the defendant Abijah Weston, entered in the office of the clerk of the county of Cattaraugus on the 12th day of February, 1894, upon the dismissal of the complaint directed by the court after a trial at the Cattaraugus Circuit.

*Charles S. Cary,* for the appellant.

*J. H. Waring,* for the respondent.

LEWIS, J.:

This action was brought upon a promissory note dated December 31, 1891, made by the firm of George Van Campen & Sons, payable to the order of J. K. Van Campen, and indorsed by the payee, and by the firm of Weston Bros. as second indorsers. The indorsement of the firm name of Weston Bros. was made by William W. Weston, one of the members of the firm, solely for the accommodation of the makers, without consideration, and not in the business of the firm of Weston Bros. It was presented to the plaintiff for discount by the payee, J. K. Van Campen, in the month of September or October, 1892. It was discounted by the plaintiff's cashier and the proceeds thereof were applied in payment of a promissory note falling due that day, which was one of a series of notes made by the same makers and bearing the same indorsements as the note in suit.

The first note of the series was discounted by the plaintiff, and the proceeds thereof were placed to the credit of George Van Campen. Whether he was a member of the firm of makers did not appear from any affirmative evidence on the trial.

Abijah Weston, a member of the firm of Weston Bros., alone defended, setting up as his defense that the indorsement of his firm name was made without his consent, and not in the business of his firm ; that it was presented to the plaintiff for discount by the makers, which was alleged to be notice to the plaintiff that his firm was an accommodation indorser.

Many of the facts of this case are similar to those of the case of William H. Smith against the same defendants, which was argued

at the same time with this case, but a different question arises here.

Both parties requested the direction of a verdict in their favor, respectively, in the *Smith* case,[*] thereby submitting the questions of fact for the decision of the court, and the decision was in favor of the defendant Abijah Weston. But such was not the case here; the plaintiff, at the close of the evidence, asked to have the questions of fact submitted to the jury. His request was refused, and a verdict was directed for the defendant.

The plaintiff's cashier, Minor Wellman, testified that the note in suit was sent by mail to the plaintiff's bank by the payee, J. K. Van Campen, with a request that it should be discounted and the proceeds used to take up the note heretofore referred to, and which was held by the bank; that J. K. Van Campen paid the discount; that he did not know that he was one of the makers of the note, neither did he know who composed the firm of makers.

That he had no knowledge who J. K. Van Campen represented in this correspondence, and did not know who composed the firm of George Van Campen & Sons; that he discounted the notes on the strength of the indorsement of Weston Bros.; that that firm was the only one he knew anything about.

There was evidence in the *Smith* case justifying the court in finding that the note was, to the knowledge of the plaintiff, presented for discount by the makers, and, hence, presumably had its inception in their hands.

That circumstance was notice to the plaintiff Smith that the note belonged to the makers, and that the indorsement in the name of Weston Bros. was made for the makers' accommodation without consideration.

If presented by the first indorser, as in this case, the presumption would be that it had its inception in his hands. It is not the duty of parties about to purchase negotiable paper to make any inquiries not required by good faith, as to possible defenses of which they have no notice either from the face of the paper or facts communicated at the time. (§ 775, Daniels on Negotiable Paper.)

The evidence presented facts which should have been submitted to the jury.

[*] See *ante*, page 25.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

BRADLEY and WARD, JJ., concurred; DWIGHT, P. J., not voting.

Judgment reversed and a new trial granted, costs to abide the event.