LINCOLN NAT. BANK OF CITY OF NEW YORK v. BUTLER et al.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

NEGOTIABLE INSTRUMENTS — INDORSEMENT FOR ACCOMMODATION OF PAYEE —
LIABILITY OF INDORSER.

    Where one indorses a promissory note for the accommodation of the
payee, who transfers the note, before maturity, for value, the holder is
entitled to recover against such indorser, even though, at the time of the
transfer, he knew the indorsement was for accommodation only. 36 N.
Y. Supp. 1112, reversed.

Appeal from city court of New York, general term.

Action by the Lincoln National Bank of the City of New York
against Jacob D. Butler and Alfred J. Taylor, to recover on a prom-
issory note made by Taylor to the order of James Casey, and in-
dorsed by said Casey and defendant Butler. There was judgment
for plaintiff, which was reversed by the general term of the city
court (36 N. Y. Supp. 1112), and plaintiff appealed. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Stern & Rushmore, for appellant.

J. C. Shaw, for respondents.

McADAM, J. The action was upon a promissory note for $1,000,
made October 24, 1890, by Alfred J. Taylor, to the order of James
Casey, payable, three months after date, at the Harlem Bank, and
indorsed by James Casey and the defendant Butler, and thereafter
discounted by the plaintiff. The complaint alleges, and the answer,
by not denying, admits, the making of the note; that Casey, the
payee, indorsed it; and that Butler, "for the purpose of lending
his credit thereto, for the accommodation of said James Casey, in-
dorsed said note, before its delivery, to this plaintiff; and there-
after, and before its maturity, the said James Casey delivered said
note to this plaintiff for discount." The note was put in evidence,
with notice of protest and certificate of the notary showing that the
note had been duly protested for nonpayment, and the indorsers
thereby properly charged. The defendant offered no evidence.
Both sides moved for the direction of a verdict. The court directed
a verdict in plaintiff's favor for $1,256.63, the amount claimed, and
interest.

Upon appeal, the general term reversed the judgment, and ordered
a new trial, holding that, in the absence of proof that Butler's in-
dorsement was made for the purpose of enabling the maker to obtain
credit with the payee, the plaintiff could not recover. The authori-
ties sustaining this position are cases in which the payee, who was,
presumably, the first indorser, undertook to recover from one whose
indorsement appeared upon the back of the note subsequent to his,
and who was, therefore, presumably, second indorser. Of course,
it is necessary, in such cases, to allege and prove facts overcoming
the presumption, by showing that the person sought to be charged
indorsed for the benefit of the maker, to induce the payee to accept
the security as a valid obligation against the person indorsing.
Moore v. Cross, 19 N. Y. 227; Phelps v. Vischer, 50 N. Y. 69; Coulter

v. Richmond, 59 N. Y. 478; Wyckoff v. Wilson (City Ct. N. Y.) 9 N. Y. Supp. 628, and (Com. Pl.) 13 N. Y. Supp. 270; Reed v. Photo-Gravure Co. (City Ct. N. Y.) 13 N. Y. Supp. 798; Montgomery v. Schenck, 82 Hun, 24, 31 N. Y. Supp. 42; Bornstein v. Kauffman, 4 Misc. Rep. 83, 23 N. Y. Supp. 852. The principles invoked are correct in their place, and the error into which the general term fell was in attempting to make them applicable to essentially different facts. There is nothing in the form of the instrument sued upon which required that the plaintiff should overcome any legal presumption before it could recover, and in this respect the case differs from those relied on by the general term.

It appears, here, that Casey, the payee, held a valid obligation against Taylor, the maker. Casey, and not the maker, wanted the accommodation. Whereupon he induced Butler to assist him by a loan of his credit in the form of an indorsement, on the strength of which the note might be discounted. Upon the faith of all the names upon the instrument, the plaintiff did discount the note, and on the trial established its title as a bona fide holder for value by the production of the paper. Harger v. Worrall, 69 N. Y. 370; Bank v. Crow, 60 N. Y. 85; Bank v. Livingston, 6 Misc. Rep. 81, 26 N. Y. Supp. 25. There is nothing in Moore v. Cross, or any of the other cases before cited, which prevents a recovery by the plaintiff from any or all of the parties to the note, under such circumstances. The defendant urges that the fact that Casey procured the discount was notice to the plaintiff that Butler's indorsement was for Casey's accommodation. National Park Bank v. German-American Mut. Warehouse & Security Co., 116 N. Y., at page 293, 22 N. E. 567; Smith v. Weston, 88 Hun, 25, 34 N. Y. Supp. 557. But parties who have loaned their credit in like manner, by making notes or accepting bills for the accommodation of others, without any restriction on their use, have always been held liable, at the suit of a bona fide holder, even with knowledge that it was accommodation paper. Pettigrew v. Chave, 2 Hilt. 546; Grant v. Ellicott, 7 Wend. 227.

It has been long established that, "when a man writes his name, without anything more, on the back of a negotiable promissory note, he agrees that he will pay the note to the holder on receiving due notice that the maker, on demand, made at the proper time, has neglected to pay it. * * * Proof that he put his name on the note for the purpose of giving credit to the maker, or enabling him to raise money on the paper, only shows that there is a special relation between him and the maker, not between him and the holder. It does not change the nature of the contract of indorsement from what it would be had the note actually passed through his hands in the usual course of business and been indorsed for value." Seabury v. Hungerford, 2 Hill, at page 82, approved in Hall v. Newcomb, 3 Hill, at page 234, and 7 Hill, at page 419; Richards v. Warring, 4 Abb. Dec. 53. As far back as Smith v. Knox, 3 Esp. 46, Lord Eldon held that, where a bill is given for the accommodation of a drawer or payee, and is sent into the world, it is no answer to an action upon it, against the acceptor, that he accepted it for

the accommodation of the drawer, and that the fact was known to the holder. In such a case the holder, if he gave a bona fide consideration for it, is entitled to recover, though he had full knowledge of the transaction. It is sufficient, for the plaintiff, that the note was indorsed by Casey, and was also indorsed by Butler, who wrote his name on the back, for the purpose of lending his credit thereto, for the accommodation of Casey, and that the note, so indorsed, came into the possession of the plaintiff, in the course of its business, for value, and before maturity. Benj. Chalm. Bills (2d. Am. Ed.) 107.

In Pierson v. Boyd, 2 Duer, 33, it appeared that one Davis made his promissory note for $1,259, payable to the order of John Crum, who first procured Boyd, the defendant, to indorse it, whereupon Crum indorsed and delivered the note to the plaintiff for value. It was claimed by Boyd that the plaintiff, having received the note from Crum, the payee, he could not recover from Boyd, a subsequent indorser. The court, in deciding against this contention, said:

"As between Davis and Crum, the note was made on a good consideration; and Boyd, in the most favorable aspect of the case for him, was an indorser for the general accommodation of Davis, the maker. His indorsement has not been misapplied. The note was negotiated to the plaintiffs, before maturity, for full value. They are, therefore, entitled to recover against Boyd, as indorser. * * * Whether Boyd, as between Crum and himself, is to be regarded as first or second indorser, is of no consequence in this suit. One who indorses for the general accommodation of the maker or payee of a note is liable to a holder for value, taking it before maturity, though the holder knew, when the note was transferred to him, that the indorsement was an accommodation one."

Applying the principle decided in the case last cited to the present controversy, it is apparent that Butler's indorsement has not been misapplied. It was used, as he intended it should be, to raise money for Casey's use, and Butler has, in consequence, become liable thereon to a bona fide holder for value. Whether, as between Casey and himself, he is to be regarded as first or second indorser, is of no consequence in this suit. That inquiry will become pertinent only after Casey or Butler pays the note, and seeks to enforce some claim upon it against the other. Then the doctrine of Moore v. Cross and kindred cases, relied on by the general term, will be more germane to the questions likely to come up for consideration.

In Bacon v. Burnham, 37 N. Y. 614, it was held that, where a prior indorser cannot recover against a subsequent indorser, no person deriving title under such prior indorser, with knowledge of the facts, can do so. The plaintiff there became the holder of the note after maturity,—a circumstance which distinguishes that case from this,—and the equities between the original parties were, therefore, open to investigation. There the holder took the place of the payee, succeeding to his rights and remedies,—nothing more. But the equities could not be gone into here; for, the plaintiff being a bona fide holder, all the so-called equities were cut off.

It follows that the order of the general term must be reversed, and the judgment of the trial term affirmed, with costs. All concur.