CORPORATIONS—RIGHT OF PLEDGEE OF STOCK TO EXAMINE BOOKS—MANDAMUS.
     Under the corporation statutes (Laws 1892, c. 687, § 20; Id. c. 688, §§ 29, 54), a pledgee of stock of a corporation is not a stockholder, and the corporation owes him no duty to permit him to inspect its books; hence he is not entitled to a mandamus to compel the allowance of such examination.

Application by the First National Bank of Brooklyn for a mandamus to compel William A. Miles & Co., a domestic corporation, to permit the petitioner to inspect its books. Denied.

·Ira Leo Bamberger and S. S. Myers, for the motion.
· Bailey & Sullivan, opposed.

McADAM, J. In May, 1892, John Howard, the owner of certificate No. 29, for 50 shares of the capital stock of William A. Miles & .Co., a domestic corporation, being indebted to one Frank Seaman, indorsed the said certificate to the First National Bank of the City of Brooklyn, to secure it for moneys advanced and to be advanced by ̇it

to said Seaman. Such advances now amount to about $10,000. No transfer of the stock has ever been made on the books of the company. Seaman is insolvent, and Howard died March 6, 1899. The bank applied to the corporation to be allowed to examine its books, to ascertain, among other things, the value of the shares held by the bank as pledgee; the company refused to permit such examination; and the bank now moves for a mandamus compelling the company to permit a representative of the bank to fully examine said books and take extracts therefrom, to the end that the bank may determine the condition of the company and the value of said shares of stock, and what course it should pursue, as pledgee, to protect itself and the other parties in interest.

The statute provides that "no transfer of stock shall be valid as against the corporation, its stockholders and creditors, for any purpose * * * until it shall have been entered in such book as required by this section, by an entry showing from and to whom transferred" (Stock Corporation Law,—Laws 1892, c. 688, § 29); that "no person holding stock in any corporation as collateral security * * * shall be personally subject to liability as a stockholder; but the person pledging such stock shall be considered the holder thereof, and shall be liable as stockholder" (Id. § 54); and that "every pledgor of stock standing in his name on the books of the corporation shall be deemed the owner thereof for the purposes of this section." General Corporation Law (Laws 1892, c. 687, § 20). Under these provisions, the bank is not a stockholder, and is not entitled to the benefits or subject to the responsibilities therein mentioned. Adderly v. Storm, 6 Hill, 624; Rosevelt v. Brown, 11 N. Y. 148; United States Trust Co. v. United States Fire Ins. Co., 18 N. Y. 199; Shellington v. Howland, 53 N. Y. 371. The company has in no way recognized the right of the bank as a stockholder, and has declined so to do, and is justified in the position it has taken. The Steinway Case, 159 N. Y. 250, 53 N. E. 1103, holds that the common-law right of a stockholder with reference to the inspection of the books of his corporation still exists in this state, unimpaired by legislation, and that the supreme court has power, as part of its general jurisdiction, to enforce the right, in its sound discretion, upon good cause shown. But that decision in no wise helps the bank, for, as before shown, it is not a stockholder, in the proper sense of that term. It is true that the pledging of the stock conferred upon the bank, as pledgee, certain legal and equitable rights, but the one invoked is not among them. The company owed the bank no legal duty which it has refused to perform. Consequently the motion for a mandamus must be denied.

Motion denied.