### In re HASTINGS.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

CORPORATIONS (§ 181*)—STOCKHOLDERS—INSPECTION OF BOOKS.

One who, as his wife's executor, owns half of the capital stock of a corporation, and as her sole legatee is the only one personally interested in the stock, is entitled to examine and take extracts from the corporate books and records; it not appearing that he is engaged in or interested in any competing business, or that he has any interest adverse to his interest in the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 181.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Mandamus by George Gordon Hastings, as executor of Rosalie Tousey Hastings, to compel the officers of a corporation to permit him to examine and take extracts from the records and papers of the corporation. From an order denying the writ, he appeals. Reversed, and writ granted.

See, also, 105 N. Y. Supp. 834; 106 N. Y. Supp. 938.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theron Davis, for appellant.

James M. Hunt, for respondent.

LAUGHLIN, J. On a former appeal this court held that, as the only title to stock of the corporation then shown by the petitioner was as temporary administrator, he was not entitled to the examination. 121 App. Div. 815, 106 N. Y. Supp. 639. Before renewing the application, letters testamentary had been duly issued to the petitioner, and he had qualified as executor, and had thereafter duly renewed his demand upon the corporation for the privilege of the inspection, for which he has again appealed to the court.

The material facts existing when the application as temporary administrator was made are stated in the opinions delivered in this court on the former appeal, and need not be restated here. It then appeared that as between the decedent and Sinclair Tousey this was a corporation in name only. They formerly owned the business as copartners, and organized the corporation to limit their personal liability. All of the capital stock was issued in payment for the business of the copartnership, and, with the exception of two shares, one of which was issued to a representative of each of them to qualify him as a director, one-half the capital stock was issued to and held by each of them. Even the two shares issued were subsequently assigned, one to each of them, respectively. Sinclair Tousey was elected president, and the decedent was elected vice president, and a salary of $30,000 was fixed for each of these officers and drawn by them, as a method of dividing profits, until her death. Sinclair Tousey continues to hold the office of president and to draw the same salary. It now further appears that after decedent's death Sinclair Tousey procured the election of his son, who was then a clerk on a salary of $30 per week, as vice president without any change in the salary, and that thereafter the salary was reduced to $10,000 per year. It also further appears that the capital stock has been increased by proceedings which, with respect to giving notice to those interested in the estate of the decedent, savor of bad faith; for the only notice given was by mail addressed to the decedent by her name before her marriage to the petitioner and at a foreign address, where she died, although it was well known that she had long since died and who were interested in her estate, and that her estate has been deprived of its right to take one-half the increased issue of stock and of an equal controlling interest.

The standing of the petitioner is that as executor he owns one-half of the entire capital stock of this business corporation. It is assert-

ed by respondent that, as sole residuary legatee of his wife, petitioner is in fact the only one personally interested in the stock. He demanded, and was persistent in his demand, that he be elected vice president and receive the salary received by his deceased wife. In view of the fact that such salary was not based on any substantial services rendered by her, but was on account of her half interest in the corporation, and evidently as a means of dividing profits, that demand was not without some justification. Nor is the fact that he threatened investigation if his demand were refused deemed sufficient ground to infer bad faith on his part in desiring to see what those who appear to be unfriendly to him are doing in the management of the affairs of the corporation in which his financial interest is equal to theirs. It is not shown that he is engaged in or interested in any rival or competing business, or that he has any interest adverse to his interest in this corporation.

It follows that the order should be reversed, with $10 costs and disbursements, and motion for writ granted, with $10 costs. All concur.