## BOOTH v. CONSOLIDATED FRUIT JAR CO. (two cases).

### (Supreme Court, Appellate Term. February 15, 1909.)

**1. CORPORATIONS (§ 123*)—STOCK—PLEDGORS—RIGHTS.**

A pledge to a corporation of its own stock did not devest the pledgor of his general property therein; he remaining the owner, subject to the pledgee's lien.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 508, 512; Dec. Dig. § 123.*]

**2. CORPORATIONS (§ 181*) — "STOCKHOLDER" — RIGHT TO INSPECT BOOKS — PLEDGORS OF STOCK.**

Under Gen. Corp. Law (Laws 1890, p. 1064, c. 563, as amended by Laws 1892, p. 1800, c. 687, and Laws 1901, p. 975, c. 355) § 20, requiring the record holder of stock pledged to him to issue a proxy to the pledgor to vote, and under Stock Corporation Law (Laws 1890, p. 1077, c. 564, as amended by Laws 1892, p. 1824, c. 688, and Laws 1901, p. 961, c. 354) § 54, making the pledgor of stock liable as stockholder, such a pledgor is a "stockholder," within Stock Corporation Law (Laws 1890, p. 1071, c. 564, as amended by Laws 1892, p. 1824, c. 688, Laws 1900, p. 218, c. 128, and Laws 1901, p. 961, c. 354) § 29, providing a penalty for a corporation's refusal to permit a stockholder to inspect its stockbook.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 678; Dec. Dig. § 181.*

For other definitions, see Words and Phrases, vol. 7, pp. 6667, 6668; vol. 8, p. 7804.]

**3. CORPORATIONS (§ 155*)—STOCK—PLEDGEES—RIGHTS.**

A pledgee of stock is entitled to receive and retain dividends declared thereon as increment of the thing pledged, to be later accounted for.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 569; Dec. Dig. § 155.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Actions by Ralph W. Booth, Jr., against the Consolidated Fruit Jar Company. From judgments for plaintiff, defendant appeals. Affirmed as to first action; reversed, and new trial ordered, as to second.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Chas. P. & Wm. W. Buckley (Wm. W. Buckley, of counsel), for appellant.

Julius Fischer, for respondent.

GIEGERICH, J. The facts in the two cases are practically identical, and by stipulation the second case was decided upon the evidence taken in the trial of the first one. The first action was brought under section 29 of the stock corporation law (Laws 1892, p. 1831, c. 688) to recover the sum of $50 as a penalty for the defendant's refusal to permit the plaintiff to inspect its stockbooks. There was no dispute as to the material facts. In March, 1907, the plaintiff gave to the defendant, as collateral security for the payment of a note payable on the 3d day of January, 1909, which he and another man, named Heyman, had given to the defendant, two shares of the defendant's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

own stock. The plaintiff at the time indorsed the certificate in blank. The defendant continued to let the stock stand in the plaintiff's name on its stockbook, and he received notice of and acted as an inspector of election at a stockholders' meeting held January 16, 1908. At this meeting the plaintiff criticised the way the corporation was being managed, and, fearing some trouble from the plaintiff, the officers of the defendant, either on the same day or early on the 17th, had this stock transferred on its books to two of its directors, to hold it as trustees for the defendant until the matter of the note was settled. Thereafter, on the 17th, the plaintiff called at defendant's office and asked to inspect the stockbook. This was refused, on the ground that he was not a stockholder.

Section 29 of the stock corporation law (Laws 1890, p. 1071, c. 564, as amended by Laws 1892, p. 1824, c. 688, Laws 1900, p. 218, c. 128, and Laws 1901, p. 961, c. 354), upon which this action is based, provides that every stock corporation shall keep a stockbook, which shall be open to the inspection of its stockholders and judgment creditors, and, if it shall neglect or refuse to exhibit the same, it shall pay a penalty of $50 for every such refusal. By pledging the shares of stock in question the plaintiff did not divest himself of his general property therein. He still remained the owner of the shares, subject to the lien of the pledgee. 22 Am. & Eng. Ency. of L. (2d Ed.) 864; Garlick v. James, 12 Johns. 146, 7 Am. Dec. 294; Wheeler v. Newbould, 16 N. Y. 392, 398; Farwell v. Importers' & Traders' Nat. Bank, 90 N. Y. 483, 488; Smith v. Savin, 141 N. Y. 315, 326, 36 N. E. 338. The above cases all hold that the right of property, or the general ownership, as it is variously styled, remains in the pledgor.

The paramount interest and right of the pledgor over the pledgee is also recognized in the statute; section 20 of the general corporation law (chapter 563, p. 1064, Laws 1890, as amended by Laws 1892, p. 1800, c. 687, and Laws 1901, p. 975, c. 355) providing that the record holder of stock which shall be held by him as security shall issue to the pledgor, upon proper demand, a proxy to vote thereon. With this right goes the corresponding liability; section 54 of the stock corporation law (chapter 564, p. 1077, Laws 1890, as amended by Laws 1892, p. 1824, c. 688, and Laws 1901, p. 961, c. 354) providing that no person holding stock as collateral security shall be personally subject to liability as a stockholder, but that the person pledging such stock shall be considered the holder thereof and shall be liable as a stockholder. From the decisions and statutes mentioned I think it is clear that the pledgor, retaining, as he does, the general ownership of the stock, and the right to vote upon it and thus participate in the control of the corporation, is entitled to the information which the law provides that stockholders may demand, through an inspection of the books.

We do not in this case have to pass upon the right of a pledgor to an inspection of the books where the pledgee has caused the stock to be transferred into his own name, without knowledge on the part of the corporation officer, of whom an inspection is afterward demanded, of the real situation as between the pledgor and the pledgee. In such a case it may well be that the corporate officer thus applied to

is entitled to, and ought to, rely upon the records of the corporation, and permit an inspection only to persons duly registered as stockholders. As was said in Pray v. Todd, 71 App. Div. 391, 75 N. Y. Supp. 947, the stockbook of the corporation, which contains the names of the stockholders and in which all transfers of stock are required to be entered, is ordinarily, at least, the treasurer's guide and authority in furnishing statements pursuant to the provisions of section 52 of the stock corporation law (Laws 1890, p. 1076, c. 564).

The appellant relies upon the line of decisions of which McNeil v. Tenth National Bank, 46 N. Y. 325, 7 Am. Rep. 341, is typical, holding that as between the parties the delivery of a certificate of stock, with the assignment and power indorsed thereon, passes the entire title, legal and equitable, in the shares, which is undoubtedly the rule where the rights of third persons are involved. But that is not this case. Here the corporation itself was the pledgee, and knew fully the entire transaction, and that the plaintiff was still vested with the general ownership and right of property in the stock.

I am therefore of the opinion that the judgment for the penalty was right.

The second action was brought to recover the sum of $10, which was the amount of a dividend declared and paid on the two shares of stock after they were pledged to the defendant. As to such dividend it would seem to be well established that the pledgee is entitled to receive and retain it as an increment of the thing pledged, to be accounted for later. Herrman v. Maxwell, 15 Jones & S. (N. Y.) 347; 22 Am. & Eng. Ency. of L. (2d Ed.) 907; Gemmell v. Davis, 75 Md. 546, 23 Atl. 1032, 32 Am. St. Rep. 412; Gaty v. Holliday, 8 Mo. App. 118.

The judgment in the first action should therefore be affirmed, with costs, while the judgment in the second action should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.