ROBERT H. McNEILL, as Administrator of the Estate of ISAAC HENRY RADFORD, Deceased, Appellant, *v.* JOHN A. SHELLITO, Respondent.

First Department, January 10, 1919.

**Bills and notes — action by administrator of payee against maker — defense — counterclaim — allegation by defendant as to execution of prior note between same parties claimed to be same note mentioned in complaint and to have been made for accommodation of payee and paid by defendant — evidence establishing prima facie case — offer of part of note in evidence — presumptions — right of payee in possession to recover notwithstanding his indorsement — when demand for payment not necessary — evidence not within pleadings.**

In an action by the administrator of the payee of a promissory note, signed by the defendant payable at the office of the payee, and indorsed payable to another or to the order of the payee, the plaintiff alleged ownership, due presentation and demand of payment and failure to pay. The defendant admitted that he signed a note similar to the one referred to in the complaint, but denied other allegations relating thereto, and for an alleged defense set up a prior note between the same parties which he alleged he gave to the payee of the note in suit, solely for his accommodation, and that said note is the same one mentioned in the complaint and has been paid by the defendant.

*Held*, that an offer of the note in evidence by the plaintiff and proof that a copy thereof alleged in the complaint was a full, true and exact copy established a *prima facie* case.

Upon the plaintiff's offer in evidence of merely the face of a note, the court correctly ruled that the note in its entirety must be received.

The indorsement of the note did not rebut the presumption that the plaintiff, the personal representative of the payee, was the owner thereof.

Possession of the note, though indorsed by the payee is *prima facie* evidence of ownership. The only presumptions that arise under such circumstances are either that the note was not delivered to the indorsee after indorsement or, if delivered, that it was retransferred to the payee as his property, or that it had been originally transferred only for collection.

A payee in possession may recover, notwithstanding his indorsement.

Where a note is payable at the payee's office, it is not necessary to prove a demand for payment.

The defendant's allegation that the prior note mentioned is the same one alleged in the complaint was conclusively disproved by the production of the latter note.

Any claim arising on the prior note could not be pleaded as a defense to the note in suit, but should have been distinctly pleaded as a counterclaim.

The court erroneously refused a motion to strike out the portion of the answer of a witness that referred to the prior note as having been dated ahead, because it was not within the pleadings.

If the defendant desired to raise the issue that the note set forth by him was the same note alleged in the complaint, he should have admitted that on the date of the note alleged in his answer he signed and delivered the note set forth in the complaint, and then alleged his defense that the note was given without consideration and for the accommodation of the payee.

Appeal by the plaintiff, Robert H. McNeill, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of June, 1918, dismissing the complaint on the merits upon the decision of the court after a trial before the court, a jury having been waived.

*A. P. Bachman* of counsel [*James E. Bennet,* attorney], for the appellant.

*Arthur C. Mandel* of counsel [*S. J. Rosenblum,* attorney], for the respondent.

Page, J.:

The action was brought by the administrator of Isaac H. Radford to recover on a promissory note dated December 17,

1909, signed by the defendant, whereby he promised to pay said Radford, three months after date, $3,000 at his office in Buffalo, N. Y., for value received, with interest. The complaint alleges the death of Radford, the appointment of various administrators of his estate in succession, and that the plaintiff by virtue of his appointment is now the owner and holder in due course of said note. Due presentation and demand of payment and failure to pay are also alleged.

The answer, denying knowledge or information sufficient to form a belief as to allegations of the appointment of the administrators, "Admits that he did sign a promissory note somewhat similar in form to the one referred to in paragraph 'Second' of the complaint herein, but except as thus admitted, denies the allegations in the said paragraph contained," and denied the other allegations of the complaint, and for an alleged defense set up a note between the same parties, dated September 27, 1909, which the defendant alleged he gave to Radford at his instance and request and solely for his accommodation, for $3,000, payable three months after said date, which the defendant alleged was the same note mentioned in the complaint, and that said Radford promised and agreed to pay said note at maturity, but that he failed to do so, and that one Blackburn was the owner and holder of said note, and that the defendant had paid said Blackburn $3,000 on said note.

When the note was offered in evidence, it was proved that the copy thereof alleged in paragraph 2 of the complaint was a full, true and exact copy thereof, and, therefore, if any issue was raised (which is doubtful) by the admission and denial of that paragraph of the complaint, the proof *prima facie* establishes the plaintiff's allegation of fact in that behalf.

The note when produced bore an indorsement: "Pay J. E. Blackburn or order I. H. Radford." The plaintiff offered merely the face of the note, and the court correctly ruled that the note in its entirety must be received. The indorsement, however, did not rebut the presumption that the plaintiff, the personal representative of the payee, was the owner thereof. Possession of the note, though indorsed by the payee, is *prima facie* evidence of ownership. The only presumptions that arise under such circumstances are either

that the note was not delivered to the indorsee after indorsement, or, if delivered, that it was retransferred to the payee as his property, or that it had been originally transferred only for collection. The payee in possession may recover notwithstanding his.indorsement. He may strike out the indorsement or he may disregard the indorsement. It is a matter with which the maker has no concern, unless he has in his answer pleaded as a defense that the plaintiff is not the real party in interest. The note was payable at the payee's office, and it was not necessary to prove a demand for payment. Therefore, plaintiff proved his case *prima facie.* The defendant proved no defense to the action whatever. His answer alleged a note for a similar amount between the same parties, dated September 27, 1909, payable in three months from said date. It is true that the answer alleges that this is the same note mentioned in the complaint, but this allegation was conclusively disproved by the production of the note set forth in the complaint. Any claim arising on this prior note could not be pleaded as a defense to the note in suit. It would have to be distinctly pleaded as a counterclaim. (*Rice* v. *Grange,* 131 N. Y. 149, 152.)

The defendant read the deposition of Frederick A. Folger, who testified that he was present on September 27, 1909, when the defendant signed a promissory note for $3,000 payable to Isaac Henry Radford; that the note was given for the accommodation of Radford, who stated that he needed it badly to carry out some important business matters; he asked the defendant to accommodate him and sign it for him; that the note was dated ahead, as Radford said he needed the money about the week before Christmas. A motion was made to strike out that portion " of the answer [of the witness] that refers to the note claiming to have been dated ahead, because it is not within the pleading, and the note in the answer being one dated September 27th, 1909, and payable three months after said date." This motion was erroneously denied. The witness then identified a photograph of the note in suit as being a reproduction of the note signed September 27, 1909. If this was the issue the defendant desired to raise, he should have admitted that on the twenty-seventh day of September he signed and delivered the note alleged in the complaint, and

then alleged his defense that the note was given without consideration and for the accommodation of Radford.

As it may be that the defendant has a defense to this note, the judgment should be reversed, with costs to appellant to abide event, and a new trial granted, in order that the defendant may apply for leave to amend his answer if he be so advised.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event. Order to be settled on notice.