ROBERT H. McNEILL, as Administrator, etc., of ISAAC HENRY RADFORD, Deceased, Respondent, *v.* JOHN A. SHELLITO, Appellant.

First Department, December 3, 1920.

**Bills and notes — setoff of account stated — evidence showing account stated — technical objection that setoff not pleaded as counterclaim cannot be raised on appeal.**

In an action on a promissory note made by the defendant to the order of the plaintiff's intestate in which the defendant interposed a setoff based on an account stated between the said intestate and the defendant, showing

a balance in favor of the defendant, the evidence examined, and *held*, to be sufficient to show that there was an account stated by which the intestate admitted that he was indebted to the defendant in an amount in excess of the face of the note and accrued interest, and it was error for the trial court to set aside a verdict in favor of the defendant.

It is too late on appeal to contend that the setoff was not properly pleaded in that it was not pleaded as a counterclaim but was pleaded as an offset to any recovery to which the plaintiff might otherwise be entitled, for, while technically the defendant should have counterclaimed the account stated as an offset, the form in which it was pleaded gave the plaintiff notice that such was the defendant's purpose, and the objection, being technical, should have been raised on the trial or by demurrer.

APPEAL by the defendant, John A. Shellito, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1920, setting aside the verdict of a jury in favor of the defendant and granting a new trial.

*Arthur C. Mandel*, for the appellant.

*A. P. Bachman* of counsel [*James E. Bennet*, attorney], for the respondent.

LAUGHLIN, J.:

This is an action by the administrator of Isaac Henry Radford to recover on a promissory note made by the defendant to the order of the decedent on the 17th day of December, 1909, and payable three months after date at the decedent's office. On a former trial before the court without a jury the complaint was dismissed. As the pleadings then stood, defendant denied the making of the note but alleged the making of a similar note on the 27th of September, 1909, and attempted to plead as a defense, but not as a counterclaim, a claim arising thereon in his favor. On appeal this court held that a claim arising on a prior note could not be pleaded as a defense; that the court erred in refusing to strike out evidence given by deposition with respect to the prior note, and that if the defendant intended to claim that the note alleged to have been made on a prior date was the note in suit, he should have admitted that, on the prior date, he made and delivered the note described in the complaint and then have alleged

that it was given without consideration and for accommodation; and after stating the legal presumptions in favor of the plaintiff on the production of the note, notwithstanding the fact that it had been indorsed by the payee to the order of one Blackburn and bore no indorsement back to his intestate, we reversed the judgment and granted a new trial (*McNeill* v. *Shellito*, 185 App. Div. 857). Defendant then amended the answer in accordance with the ruling of this court and admitted the making of the note but denied that it was made on the date it bears, and alleged that it was made on or about the 27th of September, 1909, without consideration and solely for the accommodation of Radford; and for separate defenses alleged that Radford indorsed and delivered it to Blackburn for value and that plaintiff was not the lawful owner or holder thereof, and that defendant was compelled to and did pay the note in suit to Blackburn; and for a separate and distinct defense and by way of a set off to plaintiff's cause of action, defendant alleged that after the making of the note and prior to the 5th day of June, 1913, defendant loaned large sums to the payee of the note on account of property, which the payee promised but failed to convey to him, and failed to repay the money so loaned, and that on said fifth day of June an account was stated between them whereby it was ascertained and agreed that the payee owed the defendant $41,000 which he agreed but failed to pay, and that said amount was due and owing to the defendant from Radford at the time of his death. Plaintiff served no reply.

Defendant read in evidence the deposition of one Folger, who testified that in the summer of 1913 he was present at the King Edward Hotel, at Toronto, Can., at an interview between the defendant and Radford at which the defendant said that Radford owed him more than $50,000 for moneys advanced for certain property which Radford agreed but failed to convey to him; that Radford merely claimed that the amount so advanced was less than $50,000, and they examined the papers and found that the total amount was between $40,000 and $50,000, and that Radford agreed to pay it and said that he would convey to the defendant an apartment house in Washington either as security for or in payment of the debt. This witness further testified that in 1912 or 1913

Radford admitted that he owed money to the defendant. This evidence was uncontroverted and there was no evidence of any subsequent payment by decedent to defendant or of the payment or discharge in any manner of any such indebtedness. The court instructed the jury that if they found that at the time of Radford's death defendant was a creditor of his estate to the extent of from $40,000 to $50,000, plaintiff could not recover. The learned trial court in setting aside the verdict wrote a memorandum opinion assigning as the reason therefor that the evidence with respect to the account stated was insufficient to warrant this instruction to the jury. As we view the evidence it was sufficient, if believed, to show that there was an account stated by which decedent admitted that he was indebted to the defendant in an amount far in excess of the face of the note and accrued interest and the testimony of the same witness shows that the decedent promised to obtain the note from Blackburn and surrender it to the defendant. That the jury believed and acted on this testimony in rendering their verdict is shown by the fact that after retiring they asked for a copy of the charge with respect to their duty in the event that they found that the decedent at the time of his death owed the defendant between $40,000 and $50,000. It is now claimed, but the point was not taken on the trial, that the offset was not properly pleaded in that it was not pleaded as a counterclaim. Defendant did not claim any affirmative judgment. He merely pleaded and proved the account stated as an offset to any recovery to which the plaintiff might otherwise be entitled. Technically, defendant should have counterclaimed the account stated as an offset; but the form in which he pleaded it gave plaintiff notice that such was his purpose, and it is too late now for the plaintiff to make this technical point, which might have been met by an amendment more formally pleading the counterclaim had the objection been taken on the trial or by demurrer. (*Barber* v. *Ellingwood, No. 2,* 137 App. Div. 704.) We are of opinion that the court erred in excluding competent evidence of payment of the note, but those rulings, if erroneous, would only entitle defendant to a new trial and that he does not want. We think, however, that the verdict was fairly sustained by the evidence and that the court erred in setting it aside.

It follows that the order should be reversed, with costs, and the verdict reinstated and that the defendant should have judgment thereon, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, with costs, verdict reinstated and judgment ordered for defendant thereon, with costs.