NATHAN DONIGER, Respondent, *v.* SOLOMON LASOFF and Others, Defendants.
SOLOMON LASOFF, Appellant.

Supreme Court, Appellate Term, Second Department, June 19, 1925.

**Bills and notes — checks — holder in due course — motion for summary judgment in action on check — defendants' affidavit indicated wife of payee of check presented instrument for certification after transfer to plaintiff — said affidavit creates issue as to whether plaintiff is holder in due course — fact that affidavit alleges upon information that check was presented by payee's wife, is equivalent to statement of fact — plaintiff cannot claim surprise because of similar statement on prior motion for summary judgment.**

Plaintiff is not entitled to summary judgment in an action upon a check where defendants' answering affidavit alleged upon information that the check was presented by the wife of the payee for certification, after it was claimed to have been transferred to a third party and to the plaintiff, since said affidavit creates an issue as to whether plaintiff is a holder in due course.

Moreover, the answering affidavit which merely alleges upon information that the check was presented by the payee's wife, is equivalent to a statement of fact where it is not denied, and the plaintiff cannot claim surprise because a similar statement was contained in the opposing affidavit submitted on a prior motion for summary judgment.

APPEAL from an order and judgment of the Municipal Court, Borough of Brooklyn, Seventh District.

*Samuel Seid,* for the appellant.

*Emanuel Mehl,* for the respondent.

PER CURIAM:

Judgment and order unanimously reversed upon the law, with thirty dollars costs to appellant, and motion for summary judgment denied, with ten dollars costs.

If the wife of the payee presented the check for certification after it is claimed to have been transferred to a third party and also to the plaintiff, it is a circumstance which tends to show that the plaintiff is not a holder in due course, and was not a holder at all at that time, as he claims he was. Possession of a negotiable instrument indorsed in blank by the payee is presumptive evidence of the possessor's title to it. (*Hays* v. *Hathorn,* 74 N. Y. 486, 491; *Newcombe* v. *Fox,* 1 App. Div. 389.) And this is true although it bears the holder's indorsement making it payable to the order of a third party, or the holder's indorsement is followed by subsequent indorsements. (*McNeill* v. *Shellito,* 185 App. Div. 857, 859, 860; *Zimmer* v. *Chew,* 34 id. 504, 508.)

The fact that the answering affidavit merely alleges upon information that the check was presented by the payee's wife, is, we think, the equivalent of a statement of fact, because it is not denied, and plaintiff cannot claim surprise because a similar statement was contained in the opposing affidavit submitted on a prior motion for summary judgment. The affidavit, therefore, creates an issue that must be tried.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.