LOUIS A. LAURENCELLE, Appellant, *v.* HONORIOUS LAURENCELLE, Respondent.

Second Department, June 4, 1926.

Limitation of actions — action on promissory note made in Canada by resident thereof — letter written by defendant stating that note is outlawed is not acknowledgment and new promise to pay — cause of action arose in Canada in favor of resident of this State — Civil Practice Act, § 13, making applicable Statute of Limitations of country where cause of action arose does not apply — under Civil Practice Act, § 19, statute did not commence to run until defendant came to this State — Civil Practice Act, § 55, not applicable.

In an action on a promissory note made by the defendant, a resident of Canada and payable in Canada, in which the Statute of Limitations is pleaded, an acknowledgment of the indebtedness and a new promise to pay after the expiration of the statute is not shown by a letter in which the defendant asserted that the claim was outlawed.

Section 13 of the Civil Practice Act, providing that where a cause of action arises outside of the State the Statute of Limitations of the State in which it arises applies, is not applicable to this action, since the plaintiff is a resident of this State, and said section expressly excepts causes of action originally accruing in favor of a resident of this State.

Notwithstanding the defendant never was a resident of this State, section 19 of the Civil Practice Act, which provides that when a cause of action accrues against a person who is without the State the action may be commenced within the time limited therefor after his return into the State, is applicable, and, therefore, this cause of action is not barred, since it was commenced within six years after the defendant came into the State of New York.

Section 55 of the Civil Practice Act, which provides that where a cause of action accrues against a person who is not then a resident of the State an action cannot be brought thereon in a court of this State after the expiration of the time limited by the laws of the State of the defendant's residence, has no application.

APPEAL by the plaintiff, Louis A. Laurencelle, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 30th day of March, 1926, denying plaintiff's motion for summary judgment, granting defendant's motion to dismiss the complaint, and vacating and setting aside a writ of attachment.

*John J. Kirby* [*Frank J. Coyle* with him on the brief], for the appellant.

*Otto A. Gillig,* for the respondent.

JAYCOX, J.   This action is brought to recover upon a promissory note, dated May 14, 1913, payable in three months after date. The note was made by the defendant in Montreal, Canada, and payable to the plaintiff at the Provincial Bank of Canada.

The answer of the defendant makes some denials as to present-ment and ownership, but they are insufficient to raise an issue. The defendant then alleges, as a defense, that at the time of the making of the note the plaintiff was a resident of the State of New York and has continuously resided there ever since; that during the same time the defendant was and has been continuously and now is a resident of the Province of Quebec, Dominion of Canada, and alleges that the law of Quebec then was and now is that an action upon a promissory note must be commenced within five years after the maturity thereof. The answer quotes the law of the Province of Quebec to the effect above stated. The answer then sets up the six years' Statute of Limitations of the State of New York (Civ. Prac. Act, § 48), and alleges that the note became due on the 14th day of August, 1913; that this suit was not commenced until the 21st day of January, 1926, and that more than six years have elapsed since the cause of action accrued.

The plaintiff moved for an order striking out the defendant's answer and directing the entry of summary judgment. In support of this motion the plaintiff filed an affidavit showing that the defendant had no defense to the action and also attempting to show an acknowledgment of the indebtedness and a new promise to pay, but the statements made by the defendant, I think, are insuffi-cient for that purpose. In the only letter that has any such tendency the defendant asserts that the claim is outlawed, that he is contesting it, and if he is forced to pay it, it will be less the costs that he is obliged to pay. This cannot be construed as an acknowledgment sufficient to take the case out of the statute, and certainly there is no promise to pay.

The defendant then made a cross-motion for summary judgment dismissing the complaint. The Special Term denied the plaintiff's motion and granted the defendant's motion, holding that the limita-tion prescribed in section 55 of the Civil Practice Act applied, and that the tolling provisions of section 19 of the Civil Practice Act had no application and only applied to a cause of action where a resident of this State is temporarily without the State.

This was a contract made in Canada to be executed in Canada and, therefore, the cause of action arose in Canada. Such a cause of action comes clearly within the provisions of section 13 of the Civil Practice Act, which I quote:

" § 13. Limitation in action arising outside of the State. Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of the time limited by the laws of a State or country where the cause of action arose, for bringing an action

upon such cause of action, except where the cause of action originally accrued in favor of a resident of this State."

Every provision of section 13 applies to this action. The cause of action arose outside of the State, and it accrued in favor of a resident of this State and, therefore, the limitation of the country where the cause of action arose does not apply. Section 19 of the Civil Practice Act states the effect of the defendant's absence from this State when the cause of action accrues. That section reads as follows:

" Effect of defendant's absence from State or residence under false name. If, when the cause of action accrues against a person, he is without the State, the action may be commenced, within the time limited therefor, after his return into the State."

The Special Term held that this section did not apply; that it only applied to a cause of action where a resident of this State is temporarily without the State, and based that conclusion upon the phrase, " after his return into the State." This is not in accordance with the construction that has been placed upon that phrase by the courts of this State. This question was discussed and decided in *Olcott* v. *Tioga Railroad Company* (20 N. Y. 210). The court there placed its decision largely upon the reasoning of KENT, Ch. J., in *Ruggles* v. *Keeler* (3 Johns. 263). I quote from the *Olcott* case: " The statute was, that if the debtor, at the time the ⌐ause of action accrued, should be out of the State, the suit might be brought within the time limited ' after the *return* of the person so absent into the State.' It was plausibly argued that, as both parties resided out of the State at the time the contract was made, no return into this State could have been contemplated, and that, therefore, the case was not within the proviso. The court held, KENT, Ch. J., giving the opinion, that coming within our juris- diction was within the meaning of the proviso, though the party had never been here before; and he referred to cases to show that this was the construction which had been put upon the English statute." I think it is the settled law of this State that coming into the State fulfills the meaning of the statute, and that the statute is thus applicable although the defendant may never have been in the State before. (See, also, *Ruggles* v. *Keeler*, 3 Johns. 263; *Ackerman* v. *Ackerman*, 200 N. Y. 72; *Mayer* v. *Friedman*, 7 Hun, 218; affd., 69 N. Y. 608; *Riker* v. *Curtis*, 17 Misc. 134; *Moloney* v. *Tilton*, 22 id. 682; *Backus* v. *Severn*, N. Y. L. J. Feb. 13, 1926.)

In *Phillips* v. *Lindley* (112 App. Div. 283) the court said: " The cause of action arose outside of this State. Under section 390-a

of the Code of Civil Procedure [now Civ. Prac. Act, § 13] the Statute of Limitations of the State where the cause of action arose would apply, unless the cause of action originally accrued in favor of a resident of this State."

In *Jacobus* v. *Colgate* (217 N. Y. 235, 245) CARDOZO, J., construing section 390-a, said: "It [§ 390-a] incorporates into our law the period of limitation of the State where the cause of action arose, but only when the cause of action did not originally accrue in favor of a resident of this State."

The respondent relies, largely, upon *Whiting* v. *Miller* (188 App. Div. 825). In that case the residence of the parties was not the same as here. In other words, it is not shown that the cause of action, which arose in a foreign State, accrued in favor of a resident of this State, so as to bring the case within the exception of section 13 of the Civil Practice Act. It is stated (on pp. 826, 827): "One of the plaintiffs testified that at the time of the trial he resided in New Jersey but it was not shown where the other plaintiffs resided, and there is no evidence that either of them resided in this State when the cause of action accrued or at any time since." That case is, therefore, no authority for the respondent upon this appeal.

That section 13 of the Civil Practice Act is applicable to this cause of action is, I think, clear. That relates specifically to a cause of action arising without the State, and the additional limitation imposed is that of the country or State where the cause of action arose. Section 55, which the respondent argues applies to this cause of action, says nothing as to where the cause of action, therein referred to, shall arise. It is entirely with reference to the residence of the parties and the limitations therein provided for are not fixed with reference to the country or State where the cause of action shall accrue, but with reference to the residence of the defendant. Therefore, it seems clear that section 55 has no application to this cause of action.

The order denying plaintiff's motion to strike out defendant's answer and for summary judgment, and granting defendant's motion for summary judgment dismissing the complaint, should be reversed upon the law, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Order denying plaintiff's motion to strike out defendant's answer and for summary judgment, and granting defendant's motion for summary judgment dismissing the complaint, reversed upon the law, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.