FLORA DAVIS, Respondent, *v.* WILLIAM A. COLLINS, Appellant.

Supreme Court, Appellate Term, First Department, December 30, 1930.

*Alley & Geer* [*Frank Roberson* and *Earle J. Harrington* of counsel], for the appellant.

*Burnstine & Geist* [*Roy Plaut* and *Emanuel J. Freiberg* of counsel], for the respondent.

PER CURIAM. We think the cause of action on the note first maturing is saved from our six-year Statute of Limitations by the provisions of section 19 of the Civil Practice Act. (*Laurencelle* v. *Laurencelle,* 217 App. Div. 159.) We also think that both causes of action arose in Virginia within the meaning of section 13 of the Civil Practice Act (*Hibernia Nat. Bank* v. *Lacombe,* 84 N. Y. 367; *Laurencelle* v. *Laurencelle, supra*), but that they are saved from the operation of the Virginia statute, and, therefore, from the provisions of section 13 of the Civil Practice Act, by defendant's absence from the State. (Va. Code, § 5825; *Ficklin* v. *Carrington,* 72 Va. 219; *Cheatham's Admr.* v. *Aistrop's Admr.,* 97 id. 457.) We are also of the opinion that the notes had their inception only upon their receipt and acceptance by the payee in Ohio and that the Virginia statute against usury, therefore, had no application.

Judgment affirmed, with costs.

All concur; present, LYDON, PETERS and FRANKENTHALER, JJ.