JULIA KOTS, Plaintiff, v. ISIDOR SACHS, Defendant.

City Court of the City of New York, Special Term, Bronx County, June 2, 1945.

*Samuel Newman* for plaintiff.

*Maurice Millimet* for defendant.

EVANS, J. This is a motion by plaintiff for summary judg ment, and defendant resists the motion on two grounds, that plaintiff is not the real party in interest, under section 210 of the Civil Practice Act, and that the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 *et seq.*) bars the suit from proceeding any further, until the end of the war with Italy, meaning the declaration of peace, after a formal treaty. The action is upon promissory notes. Defendant is the maker and Paul Gennari, an Italian resident and national, is the payee. Default in payment took place on November 16, 1939, and, thereafter, the payee indorsed and delivered the notes to plaintiff, who, as well as defendant, it was conceded on the argument, is an American resident and national. Plaintiff brought suit thereon, and issue was joined on April 8, 1941, before the war with Italy.

Neither the original transfer of the notes by the payee to plaintiff, nor the bringing of the suit was attacked, in the answer, because, at that time, the Trading with the Enemy Act had not yet been enacted, nor were we at war with Italy. But, because plaintiff, after the declaration of war with Italy and the enact ment of the Trading with the Enemy Act, wants to proceed with the suit, by way of this motion, defendant claims, in effect, the right to a stay, until the conclusion of a treaty of peace with Italy, for the reason, as defendant claims, that when plaintiff collects her judgment, she will in turn be obligated to remit to the payee of the notes the proceeds thereof, less expenses and the usual legal fees that commonly attend law suits.

I will assume that when plaintiff collects the notes, she will be under a legal duty to remit the proceeds thereof to Paul Gennari in Italy. But she will be prevented from doing that by the Trading with the Enemy Act. That act will tell the plaintiff precisely what to do with the funds collected. It will then become the obligation of plaintiff to obey the act, and, I suppose, the obligation of every citizen, including the defendant, to see that the plaintiff obeys the act. I see no offense to the act in entertaining this motion and compelling defendant to pay the notes, and letting plaintiff act as the holder of the funds, until the time comes to lawfully transfer the same to the payee.

Each of the notes was made by defendant to the payee, who indorsed the notes and delivered them to plaintiff. The indorse-

ment of the notes, in blank, by the payee and the production thereof, by the plaintiff, constitute prima facie evidence of ownership, on the part of plaintiff (*McNeill* v. *Shellito,* 185 App. Div. 857; *Zimmer* v. *Chew,* 34 App. Div. 504) and of her capacity to bring the suit, within the meaning of section 210 of the Civil Practice Act. (*Spencer* v. *Standard C. & M. Corp.,* 237 N. Y. 479; *Davis* v. *Collins,* 137 Misc. 396, affd. 138 Misc. 740.)

It is true that, on the date the notes were executed, the payee placed them in the hands of an attorney for collection. That, of course, would not be such an assignment as would make the attorney in fact a real party in interest, within the meaning of section 210 of the Civil Practice Act. But, thereafter, when the notes were in default, the payee indorsed and delivered the notes to plaintiff. That act, in itself, is a revocation of the power of attorney given to the lawyer, on the day when the notes were executed. The fact that this plaintiff hired the same lawyer to bring this suit, as the payee originally desired to be entrusted with the collection of the notes, does not in any way change the legal effect of the indorsement and delivery of the notes by the payee to the plaintiff.

I am, therefore, unable to perceive any triable issue of fact as to plaintiff's legal title to the notes or to her capacity to bring this suit under section 210'of the Civil Practice Act.

Motion for summary judgment granted, with $10 costs. Ten days' stay.