IDA JURNAS, Plaintiff, *v.* NATIONAL CITY BANK OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, November 19, 1947.

*Shearman, Sterling & Wright* for defendant.

*MacIntyre, Downey & Ryan* for plaintiff.

EDER, J. MOTION to dismiss complaint is granted.

Plaintiff seeks a declaratory judgment that a general power of attorney, executed by her brother in 1933, and delivered to her is valid insofar as to give the plaintiff control of the disposition of a deposit to her brother's credit with the defendant bank, a balance approximating $20,000.

The complaint alleges that plaintiff has sought defendant's recognition of her control over said deposit by virtue of said power of attorney but that the duly authorized agents and representatives of the defendant have questioned, and still question, the present validity of the said power of attorney to plaintiff, and were, and still are, unready to honor such power of attorney to the full extent of its provisions in relation to such deposit.

In moving to dismiss the complaint, defendant contends plaintiff has no standing to maintain this action, that she is not the real party in interest.

I am in accord with this view.

Section 210 of the Civil Practice Act, entitled "Action to be brought in name of real party in interest", provides: "Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted."

The general rule is that a person who is an attorney in fact, but who is without personal interest in the litigation, may sue only in the name of the principal and not in his own name; to authorize a suit by the attorney in fact, it is essential that the power of attorney be accompanied by an assignment of title (*Spencer* v. *Standard Chemicals and Metals Corp.*, 237 N. Y. 479; *Clark* v. *Chase National Bank*, 45 F. Supp. 820; *Kots* v. *Sachs*, 185 Misc. 224; see, also, *Mosher* v. *Hiner*, 62 Ariz. 110; *Underwriters Exchange* v. *Indianapolis St. Ry. Co.*, 204 Ind. 676).

I am not aware of any different rule with respect to an action for a declaratory judgment.

In Anderson on Declaratory Judgments, it is stated (§ 30): "*Right to maintain action generally.* In declaratory judgment actions generally, the party seeking to maintain the action must have the capacity to sue", and, further (§ 31), "The rule is not different in declaratory judgment actions from that obtaining with regard to actions generally, as to the necessity of a personal right in the plaintiff to maintain the action."

The statute makes no distinction as to the type of action; section 210 declares that *"Every action* must be prosecuted *in the name of* the *real party* in interest * * *."* (Italics supplied.)

No jural relations exist between the parties to this action and no justiciable issue is presented.

The plaintiff is without right to maintain this action and the motion to dismiss is granted. Settle order.