In the Matter of HOWARD T. GILL, Petitioner. CARL J. HENDRICKS, as Manager of JOHN B. ASTELL AND Co., INC., et al., Respondents.

Supreme Court, Special Term, New York County, March 20, 1948.

*Joseph E. Moukad* and *Howard T. Gill,* in person, for Howard T. Gill, petitioner.

*Pyne & Lynch* for respondents.

EDER, J. The petitioner seeks an order, directed to the respondents, directing them to make available to him for inspection and examination by him, the charter, by-laws, minute book, stock book, stock register and books of accounts of the corporation named.

In his petition he alleges that the two persons named in the petition, who reside in Florida, are the owners of about 40% of the capital stock of the corporation, namely 124⅞ shares of said stock; that they retained petitioner to conduct an investigation of the past and present activities and the present condition of the corporation; that to enable him to carry out the said investigation in their stead and on their behalf the said stockholders gave him a power of attorney which is attached to the petition.

This power of attorney appoints him their attorney in fact. It is not a specific power that is given him to conduct and make the investigation mentioned and in no way refers to that matter; it is a general power of attorney appointing him to do and perform all and every act and thing whatsoever requisite and necessary to be done " in and about the premises." Just what the quoted phrase has reference to is not set forth.

Objection is made, among others, that the petitioner is without right or authority to institute or maintain this proceeding in his own name individually.

I am of opinion the objection is substantial and sound.

For one thing, the power of attorney does not empower or authorize the petitioner to institute this proceeding; as mentioned, it is one of general character, and even so, is indefinite and vague as to what it has reference to and as to what it relates. But even assuming it expressly stated and intended him to be appointed attorney in fact to conduct the said investigation, it is my view that he is without legal right to institute or maintain this proceeding.

Section 210 of the Civil Practice Act requires every action to be brought in the name of the real party in interest, with certain exceptions, not here pertinent.

The status of an attorney in fact, as respects his right to sue, is discussed in *Jurnas* v. *National City Bank* (190 Misc. 854); there it is stated: " The general rule is that a person who is an attorney in fact, but who is without personal interest in the litigation, may sue only in the name of the principal and not in his own name; to authorize a suit by the attorney in fact, it is essential that the power of attorney be accompanied by an assignment of title ".

The petitioner is not the real party in interest and may not maintain this proceeding.

The right of inspection given by section 10 of the Stock Corporation Law, is a right available to a stockholder, or one occupying such a status (*Matter of Hastings*, 128 App. Div. 516,

affd. 194 N. Y. 546; *Matter of Hastings,* 120 App. Div. 756; *Booth* v. *Consolidated Fruit Jar Co.,* 62 Misc. 252; *Matter of First Nat. Bank of Brooklyn,* 28 Misc. 662, affd. 44 App. Div. 635; *Matter of Gaines,* 180 N. Y. S. 191, affd. 190 App. Div. 941; see, also, *Bowser & Co.* v. *State of Indiana,* 192 Ind. 462).

The petitioner is not a stockholder and does not occupy such a status.

The motion is accordingly denied, and the petition dismissed.