In the Matter of CARTHAGE PAPER MAKERS, INC., et al., Appellants, against MUTUAL BOX BOARD COMPANY et al., Respondents.

Fourth Department, July 11, 1956.

*Philip T. Seymour* and *Benjamin E. Shove* for appellants.

*Salvador J. Capecelatro* and *Samuel L. Scholer* for respondents.

KIMBALL, J. The petitioners, as owners of 1,373 shares of the stock of the respondent corporation, brought this proceeding under article 78 of the Civil Practice Act for an order permitting them to examine the books and records of the company and to make copies thereof. The petitioners alleged mismanagement and brought forth facts in support thereof. We think that this petition on its face was sufficient to entitle the petitioners to the right of examination. The respondent's answer made denials of allegations in the petition and set up as affirmative defenses (1) that the demand of petitioners was not made in good faith or for a proper purpose; (2) that the petitioners were not the owners of the stock and could not maintain the proceeding; (3) that more than four months had elapsed since the refusal of the respondent; (4) that the petitioners had ratified and approved the actions of the directors and officers and were estopped to demand an inspection; (5) that the petitioner Carthage Paper Makers, Inc., is an actual and

potential competitor of respondent and an inspection would result in unfair competitive advantage over respondent and (6) that petitioners had no interest in respondent from January 1, 1946 through June 26, 1952. We need not spend time upon defenses (4), (5) and (6). They are not seriously urged. The first order appealed from recited "there being no triable issue of fact raised in this proceeding" and dismissed the proceeding upon the merits summarily. The court's opinion on which the first order was based, stated that the petitioners were not stockholders when they brought the proceeding since they had delivered their stock certificates to a bank, together with executed stock powers, as collateral security for a loan. The court held that the proceeding was timely. The opinion then recited that, assuming the petitioners had the status to commence the proceeding, "The affidavits submitted by both sides in this proceeding convince the Court that this proceeding, irrespective of the status of the petitioners, was not initiated in good faith but for ulterior purposes and ends, not consonant with the general welfare of Mutual."

Thereafter the petitioners applied to the court for reargument and for an order canceling entries on respondent's books which recorded the bank as owner and holder of the 1,373 shares of stock. Upon that motion, it appeared that the respondent, on its own initiative and without authorization, had recorded the bank as owner of the stock. It also appeared that the petitioners had repaid the bank and the stock certificates had been returned to them. The motion was denied, the court saying: "If the only ground of the Court's decision were the status of that stock, there might be some merit to the application for reargument. But this Court held against the petitioner[s] not merely on status but likewise and even more important on the ground of lack of good faith. The papers submitted do not change the Court's attitude in that respect." It is evident that the petition was not dismissed as a matter of discretion but upon a finding by Special Term, without a trial, of bad faith on the part of the petitioners. In other words, the Special Term summarily decided the issue of good faith or bad faith from the pleadings and affidavits. That issue was one of fact, not law. Bad faith is a defense. The respondent set up such defense in its answer. The allegations of bad faith or lack of good faith were denied in petitioners' reply. They did not concede bad faith and the allegations of fact in respect thereto were not conceded or admitted. In such case, the court could not grant a summary dismissal of the petition upon the merits. A trial of the issue of good or bad faith was requisite. The

court could not pass upon the disputed facts or determine the issue of fact without a trial. (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464.)

There is no merit in the argument that the petitioners, by moving for summary relief, conceded there were no issues of fact but only a question of law and that they were bound by their election to ask for summary relief. The old rule and practice relating to peremptory and alternative writs of mandamus were not retained by article 78. Under the present statutes and practice, the court may make a final order upon the return where no triable issue of fact is raised but may not make summary disposition where there is presented a triable issue, the resolution of which would be determinative of the disposition of the application.

The petitioners did not divest themselves of the ownership of the stock by pledging the same to the bank as collateral security for a loan. The bank made no claim of ownership. The respondent was neither a pledgee nor a purchaser in good faith and for value and was in no position to claim absolute transfer of ownership to the bank. (*Booth* v. *Consolidated Fruit Jar Co.*, 62 Misc. 252, distinguishing *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 325.) The scope of the demand for examination, both as to records and period of time, is not an issue insofar as it militates against the common-law right of the stockholders to an examination for a proper purpose. It is not a bar to any examination at all. The extent and scope of the examination, if ordered, both as to what records and books and periods of time, will be within the sound discretion of the Special Term. The court may also protect the respondent, by its order, from any unfair competitive advantage to the petitioners. We agree that the relief sought on the motion for reargument relative to the respondent's stock records was properly denied.

It is our opinion that the order dismissing the petition upon the merits should be reversed and the proceeding remitted to Special Term for a trial of the issue of the good faith of the petitioners in bringing this proceeding. That part of the order denying the motion for reargument, insofar as it denies relief in respect to respondent's stock records should be affirmed and the appeal from the said order in other respects should be dismissed as academic.

All concur, BASTOW, J., not voting. Present — McCURN, P. J., KIMBALL, WHEELER, WILLIAMS and BASTOW, JJ.

Order entered January 11, 1955 reversed on the law and matter remitted to Special Term for further proceedings in accordance with the opinion; order entered May 24, 1955 insofar as it denied petitioners' application for an order to compel the respondent to cancel the record of ownership of the stock in the bank affirmed; appeal from order insofar as it denied motion for reargument dismissed as academic, without costs of this appeal to any party. [See *post*, p. 829.]