ORRIN G. STAPLES, Respondent, *v.* COPLEY A. NOTT, Impleaded, etc., Appellant.

In an action upon a promissory note dated at Washington, D. C., made payable at a bank in the state of New York, which bore interest at a rate legal in the place of its date, but illegal in this state, it appeared that the note was given to take up another note dated at Washington and payable there, which bore the same rate of interest and was similarly indorsed. The arrangement for renewal was made in Washington where the note in suit was drawn; it was handed to the maker to execute, he took it to his home in New York where he signed it and the defendant N. indorsed it. The note was then mailed to plaintiff at Washington. The indorser set up usury as a defense. *Held,* untenable; that as the contract of the parties, evidenced by the note, was made in, it was governed by the laws of the District of Columbia; that the affixing of their signatures by the maker and indorser were simply details in the performance and execution of the contract which was consummated when the note was received by plaintiff; that the naming of a New York bank as the place of payment did not characterize it as a New York contract; and that while the engagement of the indorser was, in a sense, independent of that of the maker, this did not affect the local character of the contract.

(Argued June 25, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 25, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. M. Waters* for appellant. Upon the whole evidence the court erred in holding that as matter of law both the note and contract by indorsement were not New York contracts. (*Everette* v. *Vendryes*, 19 N. Y. 436; *Hyde* v. *Goodnow*, 3 id. 267; *H. N. Bank* v. *LaCombe*, 84 id. 367, 378; 17 Johns. 510; 84 N. Y. 378; 88 id. 367; *Aymar* v. *Sheldon*, 12 Wend. 443; 1 Pars. on Cont. 276; *Dickinson* v. *Edwards*, 77 N. Y. 576; *Clayes* v. *Hooker*, 4 Hun, 231; *Jewell* v. *Wright*, 30 N. Y. 259; *Bowen* v. *Newell*, 13 id. 290; *Hildreth* v. *Shepard*, 65 Barb. 265; *H. N. Bank* v. *Rea*, 64 id. 175; *Baline* v. *Wombough*, 38 Barb. 352; *Sherrill* v. *Hopkins*, 1 Cow. 103; *Chapman* v. *Robertson*, 6 Paige, 627; *LeBreton* v. *Miles*, 8 id. 261; *Bank of Com.* v. *R. R. R. Co.*, 10 How. Pr. 1; Bishop on Cont. § 1882; *Warner* v. *Jaffray*, 96 N. Y. 248; *Sheldon* v. *Haxton*, 91 id. 124; *Edgerly* v. *Bush*, 81 id. 199; *Dyke* v. *E. R. R. Co.*, 45 id. 119; *Martin* v. *Hill*, 12 Barb. 621; 2 Kent, 460; *Lee* v. *Selleck*, 33 N. Y. 612, 615; *A. Bank* v. *P. Bank*, 41 Barb. 601; *Musson* v. *Lake*, 4 How. [U. S.] 262; *Brabston* v. *Gibson*, 9 id. 263.) The promissory note set forth in the complaint is a contract whereby more than six per cent per annum is contracted to be reserved and taken for the loan, use and forbearance of money, and as such it is void for usury, if it is a New York contract. (2 R. S. 772, § 5; *Dickinson* v. *Edwards*, 77 N. Y. 576; *Sheldon* v. *Haxton*, 91 id. 131; *W. C. Bank* v. *Low*, 81 id. 566; *D. I. Co.* v. *Foote*, 16 Fed. Rep. 262.)

*John C. McCartin* for respondent. The note in suit, being given in renewal of a valid debt owing by defendants, residents of this state, to plaintiff, a resident of the District of Columbia, in pursuance of an agreement there made, and at a rate of interest valid in the District of Columbia, it is not rendered invalid by reason of being signed in this state, or payable here. (*A. N. Bank* v. *Sheffield*, 4 Hun, 421; *Tilden*

v. *Blair*, 21 Wall. 241; *W. C. S. Bank* v. *Low*, 81 N. Y. 566; *W. T. & C. Co.* v. *Kilderhouse*, 87 id. 431; *Lee* v. *Sellick*, 33 id. 615.) The maker being the principal debtor, or primarily liable on the note, and the indorser surety, the surety has no separate standing in respect to the defense of usury. (*Stewart* v. *Bramhall*, 74 N. Y. 87; *U. N. Bank* v. *Wheeler*, 60 id. 612.) It was the duty of the defendant to allege and prove all the facts which he relied upon to establish usury. (*Manning* v. *Tyler*, 21 N. Y. 567; *W. T. & C. Co.* v. *Kilderhouse*, 87 id. 435.) There was no error in directing a verdict for the plaintiff. (*Dillon* v. *Cockcroft*, 90 N. Y. 649; *Ormes* v. *Dauche*, 82 id. 443; *Kocheler* v. *Adler*, 78 id. 287.)

Gray, J. The promissory note in suit bears date at Washington, D. C., April 5, 1889; was made payable at a bank in Watertown, N. Y., and carried interest at the rate of seven per cent per annum. The appellant was indorser upon it, and defends on the ground of usury. If the contract of the parties, which is evidenced by this note, was governed by the laws of this state, the defense should have prevailed; but if made under the laws of the District of Columbia the judgment was right and should be sustained.

The note was given in renewal of a balance due upon a prior note, made by and between the same parties, which bore date at Washington, D. C., April 5, 1888; was payable one year after date at a bank in Washington; bore the same rate of interest and was similarly indorsed. Some payments were made on account of the principal, but, before its maturity, the maker requested of plaintiff, a resident of Washington, by letter, to renew for the balance remaining due. Failing to receive any reply, he went on to Washington and there prevailed upon the plaintiff to agree to take a new note for his debt. This note was then drawn by the plaintiff and handed to the maker for execution, who took it back to his home in Syracuse, N. Y., where his and the appellant's signatures were affixed, as maker and indorser respectively. It had been agreed with the plaintiff that, upon this new note being

returned to him, he would send back the original note, and the appellant himself mailed the renewal note to the plaintiff in Washington.

These facts, which were not disputed, should make it perfectly obvious that there was here every essential to a valid contract under the laws of the plaintiff's domicile, and the only accompaniment lacking to a full local coloring was the foreign place named for payment. For the affixing of the signatures to the note by the maker and the indorser, however important as acts, was, yet, but a detail in the performance and execution of the contract which had been agreed upon with the plaintiff. But naming a New York bank as the place where the maker would provide for the payment of the note, did not characterize the contract in one way or the other. That arrangement was one simply for the convenience of the maker. It could have no peculiar effect. The transactions, which resulted in an agreement to extend the time for the payment of the debt and to accept a new note, took place wholly in the District of Columbia, and what else was enacted in the matter elsewhere neither added to nor altered the agreement of the parties. Though the engagement of the indorser, in a sense, was independent of that of the maker, that proposition is one which does not affect the local character of the contract, but which simply concerns the question of the enforcement of the indorser's liability. Whatever the previous knowledge of the appellant, as to the negotiations and the agreement for a renewal of the promise to pay between the maker of the old note and the plaintiff, the question is without importance. When he indorsed the note, which had been prepared and was brought to him, and sent it through the mail to the plaintiff, his engagement was with respect to a contract validly made according to the laws of the District of Columbia, and when the note was received by the plaintiff the transaction was then consummated in that place. In *Lee* v. *Selleck* (33 N. Y. 615) it was said, with respect to an indorsement in Illinois of a note made in New York, that the fact of the indorser writing his name elsewhere was of no moment.

Upon delivery by his agent to the plaintiffs in New York, it became operative as a mutual contract.

The agreement, which was made in Washington for the giving of the promissory note in question, was the forbearance of a debt already due, upon which the appellant was liable; and the renewal of his engagement as indorser upon the note, without any qualification of his contract of indorsement, was in fact an act in ratification and execution of the previous agreement. That agreement between the plaintiff and the maker in Washington took its concrete legal form in a note, prepared there by the plaintiff, with a rate of interest sanctioned by the laws of his domicile, adopted by the appellant by indorsement in blank, and made operative as a mutual contract by delivery to plaintiff in Washington through the mails.

For the court to hold, because the note was not actually signed and indorsed in the District of Columbia, where the agreement, it evidenced, was made, or because it was made payable in another state, that the contract was void as contravening the usury laws of the place of signature and of payment, would be intolerable and against decisions of this court. (*Wayne Co. Sav. Bank* v. *Low*, 81 N. Y. 566; *Western T. & C. Co.* v. *Kilderhouse*, 87 id. 430; *Sheldon* v. *Haxtun*, 91 id. 124.)

I think the plaintiff was entitled to recover, as upon a contract made under the government of the laws of the District of Columbia and, therefore, valid and enforceable in any state.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.