## BOSTON DAIRY CO. v. J. H. JONES CORPORATION.

(Supreme Court, Appellate Term. April 4, 1911.)

1. Food (§ 26*)—Condensed Milk—Statutes—Contracts.
    Agricultural Law (Consol. Laws 1909, c. 1) § 37, prohibiting the making or selling of condensed milk made from skimmed milk, etc., has no extraterritorial force, and a contract made and executed in another state for the sale of such an article is enforceable in New York, the sale of such condensed milk being legal at common law, and it not being unlawful under such statute to send or bring such milk into this state.

    [Ed. Note.—For other cases, see Food, Cent. Dig. § 19; Dec. Dig. § 26.*]

2. Evidence (§ 80*)—Presumptions—Law of Other States—Common Law.
    In the absence of proof to the contrary, the presumption is that the common law obtains in other states.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. § 80;* Common Law, Cent. Dig. §§ 14–16.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Boston Dairy Company against the J. H. Jones Corporation. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

William Ferguson (S. F. Peavey, Jr., of counsel), for appellant.
Paul M. Pelletreau, for respondent.

SEABURY, J. The complaint alleges, and the answer admits, that the plaintiff is a corporation organized under the laws of Massachusetts, and that the defendant is a corporation organized under the laws of New York, and that on October 28, 1909, the plaintiff, at the special instance and request of defendant, sold and delivered to the defendant 6,200 pounds of condensed milk, of the agreed price and the fair and reasonable value of $310. For a defense the answer alleges that the milk which plaintiff sold defendant was condensed milk manufactured from skimmed milk, and that the sale was void under chapter 1, art. 3, § 37, of the Consolidated Laws of the State of New York of 1909, known as the "Agricultural Law."

The section of the agricultural law referred to in the answer provides as follows:

"No condensed milk shall be made or offered or exposed for sale or exchange unless manufactured from pure, clean, healthy, fresh, unadulterated and wholesome milk, from which the cream has not been removed either wholly or in part, or unless the portion of milk solids shall be in quantity the equivalent of twelve per centum of milk solids in crude milk, and of which solids twenty-five per centum shall be fats."

The violation of this prohibition subjects the offender to liability for the penalty prescribed in the statute, and makes him punishable for the commission of a crime. It is clear from the evidence that the defendant ordered and the plaintiff delivered "condensed skim milk." The testimony shows that the words "condensed skim milk" have a fixed and certain meaning in the milk trade, and import a product manufactured from milk from which the cream has been separated. The contract between the parties has been fully executed, and the evidence shows that the defendant received the goods which it ordered, and has sold them to its customers, and has therefore received the full benefit of the contract which it now seeks to repudiate.

[1] The sale of condensed milk manufactured from milk from which the cream has been removed was lawful at common law. The sale or exposure for sale of such an article in this state is rendered illegal solely by virtue of the legislative inhibition embodied in the statute quoted above. Such legislative inhibition has no extraterritorial force, and a contract for the sale of such an article, if made and executed in another state, is not unenforceable in this state simply by reason of the statute quoted above. Staples v. Note. 128 N. Y. 403, 28 N. E. 515, 26 Am. St. Rep. 480; Wester T. & C. Company v. Kilderhouse, 87 N. Y. 430.

[2] The plaintiff's place of business was in Massachusetts. The correspondence between the parties constituted the contract pursuant to which the milk was sold. This contract makes it clear that the milk was sold "f. o. b. Boston." There is no proof before the court that the law of Massachusetts on this subject is different from the common law. In the absence of proof to the contrary, the presumption which must guide our determination is that the common law still obtains in Massachusetts. "There is no presumption," said Chief Judge Cullen in Robb v. Washington & Jefferson College, 185 N. Y. 485, 496, 78 N. E. 359, 363, "that our statute law prevails in other states. The presumption is that the common law there obtains."

So far as the plaintiff is concerned, it did no act in this state which was contrary to law. It is not unlawful, under this statute, to send or bring into this state condensed milk manufactured from skimmed milk. At most, this is all the plaintiff can be charged with having done. It is, however, unlawful under this statute to sell or expose for sale such "condensed skim milk" in this state. Against this statute, not plaintiff, but the defendant, has offended. It was a corporation organized under the laws of this state, and it contracted with a corporation of a foreign state to have condensed milk manufactured from skimmed milk sent into this state, so that it could expose it for sale here contrary to law. Not only did defendant receive these goods, but it concededly sold them in this state in violation of law. The evidence conclusively shows that the defendant knowingly violated the law of this state and committed an act which is denounced by our statute as a crime. Having sold the goods to its customers in this state, it now turns informer, and attempts to cheat its creditor out of the price which it agreed to pay.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.