BOSTON DAIRY COMPANY, Appellant, *v.* J. H. JONES CORPORATION, Respondent.

(Supreme Court, Appellate Term, May, 1911.)

Contracts — Validity of contracts — Contracts involving violation of positive statute — Foreign contract.
Evidence — Presumptions — Foreign laws.

> The recovery in an action in this State of the price of condensed skimmed milk sold and delivered in Massachusetts is not prevented by the statute of this State which renders such a sale unlawful here.
>
> From the fact that the Agricultural Law of this State prohibits the sale of condensed skimmed milk, no presumption arises that a similar statute exists in the State of Massachusetts.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, rendered in favor of the defendant.

William Ferguson (S. F. Peavey, Jr., of counsel), for appellant.

Paul M. Pelletreau, for respondent.

SEABURY, J.  The complaint alleges and the answer admits that the plaintiff is a corporation, organized under the laws of Massachusetts, and that the defendant is a corporation organized under the Laws of New York; and that, on October 28, 1909, the plaintiff, at the special instance and

request of defendant, sold and delivered to the defendant 6,200 pounds of condensed milk of the agreed price and the fair and reasonable value of $310.

For a defense, the answer alleges that the milk which plaintiff sold defendant was condensed milk, manufactured from skimmed milk, and that the sale was void under chapter 1, article 3, section 37 of the Consolidated Laws of the State of New York, known as the Agricultural Law.

The section of the Agricultural Law referred to in the answer provides as follows: " No condensed milk shall be made or offered or exposed for sale or exchange unless manufactured from pure, clean, healthy, fresh, unadulterated and wholesome milk, from which the cream has not been removed either wholly or in part, or unless the portion of milk solids shall be in quantity the equivalent of twelve per centum of milk solids in crude milk, and of which solids twenty-five per centum shall be fats."

The violation of this prohibition subjects the offender to liability for the penalty prescribed in the statute and makes him punishable for the commission of a crime.

It is clear from the evidence that the defendant ordered and the plaintiff delivered " condensed skim milk." The testimony shows that the words " condensed skim milk " have a fixed and certain meaning in the milk trade and import a product manufactured from milk from which the cream has been separated.

The contract between the parties has been fully executed, and the evidence shows that the defendant received the goods which it ordered and has sold them to its customers and has, therefore, received the full benefit of the contract which it now seeks to repudiate.

The sale of condensed milk, manufactured from milk from which the cream has been removed, was lawful at common law. The sale or exposure for sale of such an article in this State is rendered illegal solely by virtue of the legislative inhibition embodied in the statute quoted above. Such legislative inhibition has no extra-territorial force; and a contract for the sale of such an article, if made and executed in another State, is not unenforceable in this State simply by rea-

son of the statute quoted above. Staples v. Nott, 128 N. Y. 403; Western T. & C. Co. v. Kilderhouse, 87 id. 430.

The plaintiff's place of business was in Massachusetts. The correspondence between the parties constituted the contract pursuant to which the milk was sold. This contract makes it clear that the milk was sold " F. O. B. Boston." There is no proof before the court that the law of Massachusetts on this subject is different from the common law. In the absence of proof to the contrary, the presumption which must guide our determination is that the common law still obtains in Massachusetts. " There is no presumption," said Chief Judge Cullen in Robb v. Washington & Jefferson College, 185 N. Y. 485, 496, " that our statute law prevails in other states. The presumption is that the common law there obtains."

So far as the plaintiff is concerned, it did no act in this State which was contrary to law. It is not unlawful, under this statute, to send or bring into this State condensed milk manufactured from skimmed milk. At most this is all the plaintiff can be charged with having done. It is, however, unlawful, under this statute, to sell or expose for sale such " condensed skim milk " in this State. Against this statute not plaintiff but the defendant has offended. It was a corporation organized under the laws of this State, and it contracted with a corporation of a foreign State to have condensed milk manufactured from skimmed milk sent into this State so that it could expose it for sale here contrary to law. Not only did defendant receive these goods, but it concededly sold them in this State in violation of law. The evidence conclusively shows that the defendant knowingly violated the law of this State and committed an act which is denounced by our statute as a crime. Having sold the goods to its customers in this State, it now turns informer and attempts to cheat its creditor out of the price which it agreed to pay.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

LEHMAN and GERARD, JJ., concur.

Judgment reversed.