ALBERT A. MOERS, Trading as METAL EXPORT CO. OF AMERICA, Respondent, *v.* THE AMERICAN EXCHANGE NATIONAL BANK, Appellant. (Action No. 1.)

First Department, March 21, 1924.

Usury — action to recover penalty prescribed by National Bank Act (U. S. R. S. §§ 5197 and 5198) for knowingly charging and receiving more than six per cent interest — defense that higher rate was charged through mistaken belief that plaintiff was corporation — defense is sufficient in law — error to direct judgment for plaintiff.

In an action to recover the penalty prescribed by the National Bank Act (U. S. R. S. §§ 5197 and 5198) for knowingly taking, receiving or charging more than six per cent interest, a defense that the defendant did not knowingly take, receive or charge a greater rate, and that the charging and receiving of seven per cent interest was done through a mistaken belief that the plaintiff, who was conducting business under an assumed name which indicated that the business was incorporated, is sufficient in law, and in fact if it can be proven, since the

statute does not apply where a greater rate of interest is charged a corporation, and the penalty cannot be recovered where it is shown that a higher rate is charged through a mere mistake and without intent to take usury.

Accordingly, it was error for the court to strike out the answer of the defendant which denied that it knowingly took, received and charged more than six per cent interest and to direct a judgment in favor of the plaintiff for the amount of the penalty, since it was a question for the jury to determine whether or not the defendant acted innocently and through a mistaken belief that the plaintiff was a corporation when it charged and received a greater rate of interest than six per cent.

APPEAL by the defendant, The American Exchange National Bank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of August, 1923, granting plaintiff's motion to strike out the answer of the defendant and directing judgment for the plaintiff for the amount of the penalty provided in the National Bank Act for the taking of usury, and also from the judgment entered in said clerk's office on the 21st day of August, 1923, pursuant to said order.

The motion was noticed under rules 103, 104 and 109 of the Rules of Civil Practice and the order and judgment were granted under said rule 104.

*Cardozo & Nathan* [*Brison Howie* of counsel; *Edgar J. Nathan* with him on the brief], for the appellant.

*Moers, Rosenschein & Abeles* [*Charles S. Rosenschein* of counsel], for the respondent.

McAvoy, J.:

Judgment was ordered on the pleadings and affidavits in favor of the plaintiff herein. The answer was struck out and declared sham and frivolous. The suit in which this judgment was entered was based upon the National Bank Act which permits a person who has paid a greater rate of interest than is allowed by law upon a note, bill or other evidence of debt, to recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from any banking association taking or receiving the same when the taking, receiving or charging at a greater rate of interest is knowingly done. The provision allowing this action is found in sections 5197 and 5198 of the United States Revised Statutes (revising 13 U. S. Stat. at Large, 108, § 30, approved June 3, 1864).

There are two causes of action in the complaint. They differ only in the dates of the transactions described therein and the amounts involved. The answer to these causes is the same. The first cause of action shows that the plaintiff, an individual, was doing

business under a trade name, to wit, the Metal Export Co. of America; that the defendant made a loan of $50,000 to the plaintiff upon his promissory note; that the promissory note by its terms provided for interest at the rate of seven per cent per annum; that the note was paid at maturity, and in addition to the principal, plaintiff also paid to the defendant, and the defendant took, received and charged plaintiff interest at the rate of seven per cent per annum.

The complaint then states that the interest was knowingly taken, received and charged; that the rate so charged was illegal and a statement of penalty as provided is made to the effect that the plaintiff is entitled to recover twice the amount of interest so paid. The only denial found in the answer which raises any issue is the denial of the allegation that the defendant *knowingly* took, received and charged interest at a greater rate than six per cent per annum.

The affidavits show that the note delivered by the plaintiff to the bank had no rate of interest inserted therein and that an officer of the bank by inadvertence inserted in the space left blank for the interest seven per cent. The rate of seven per cent was so inserted unintentionally, according to the claim of the bank's officer, because the signature of the "Metal Export Co. of America" gave the impression to the officer fixing the rate that the maker was a corporation and thus shut out in our courts from raising the defense of usury in any action. Since chapter 172 of the Laws of 1850 (now General Business Law, § 374), which forbade a corporation to interpose a defense of usury, the rule has been uniformly followed that the effect of that statute was to repeal as to corporations *pro tanto* the existing statutes as to usury. (See General Business Law, § 370 *et seq.*, and antecedent statutes. See, also, Banking Law of 1914, § 114, as amd. by Laws of 1922, chap. 623.)

It cannot be doubted that if this plaintiff, as its name gave reason to believe, was a corporation, the undertaking of the note to pay seven per cent interest would not be void as being usurious. The contract would be lawful and no penalty would attach under either the United States or State enactments imposed to mulct by a severe civil fine a banking association making a contract for usury. The agreement to entail the penalty must be corrupt. When neither of the parties contemplate an usurious transaction, and when the same arises from an honest mistake of fact, the transaction cannot be called usurious. The highly penal consequences of the usurious offense are never visited upon any one who takes an excess of interest over the legal rate through a transaction which arises from a mere mistake and without the intent to take usury being positively imputable to the lender.

It seems to us that the controverted fact as to whether or not there was an inadvertence in the fixing of interest at seven per cent and in the receiving of its payment is a jury point. From the circumstances of this transaction it cannot be considered that the defense is frivolous and sham on its face. It is not inherently improbable that the loaning officer of a bank should mistakenly mark an individual note with an interest charge which would be legal against a corporate body, when the title under which the individual does business has a corporate guise. The defense seems good in law and fact if established and it was improper to direct the judgment on affidavits.

The judgment and order appealed from should be reversed, with costs, and the plaintiff's motion for judgment denied, with ten dollars costs.

DOWLING, SMITH, FINCH and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.