CITY NATIONAL BANK IN MIAMI, a National Banking Corporation, Appellant, *v.* LAKE CONSTRUCTION COMPANY, Defendant, Impleaded with JOHN W. LAKE, Respondent.

First Department, November 1, 1929.

*Manfred Nathan,* for the appellant.

*Adrian D. Stevenson* of counsel [*Hutton & Holohan,* attorneys], for the respondent.

MARTIN, J.   This action involves the liability of the defendant John W. Lake as an indorser on a promissory note.   The note was made in the State of Florida, bears interest at the rate of eight per cent and provides in case of default that the maker will pay the cost of all collection including attorney's fees.

The defense which the plaintiff sought to strike out is in substance that the plaintiff is a foreign corporation not licensed to do business in the State of New York; that the contract or instrument sued upon is one that a New York corporation is forbidden by the laws of the State of New York to make; that the cause of action

herein sued upon may not be maintained by the plaintiff by reason of the provisions of section 45 of the General Corporation Law of the State of New York.

Section 45 of the General Corporation Law (as added by Laws of 1920, chap. 916; now Gen. Corp. Law, § 223, as renum. and amd. by Laws of 1929, chap. 650) provides: "A foreign corporation cannot maintain an action, founded upon an act, or upon a liability or obligation, express or implied, arising out of, or made and entered into in consideration of, an act, which the laws of the State forbid a corporation or association of individuals to do, without express authority of law."

It was first argued at Special Term that this defense was based upon the fact that the note sued upon bearing eight per cent interest contravened the usury statute of the State of New York. Where a note is made outside of the State bearing the lawful rate of interest allowed by that State the mere fact that that rate would be usurious in another State is not a defense to an action brought in the State where that rate of interest would have been usurious.

In *Staples* v. *Nott* (128 N. Y. 403) the court said: " The promissory note in suit bears date at Washington, D. C., April 5, 1889; was made payable at a bank in Watertown, N. Y., and carried interest at the rate of seven per cent per annum. The appellant was indorser upon it, and defends on the ground of usury. If the contract of the parties, which is evidenced by this note, was governed by the laws of this State, the defense should have prevailed; but if made under the laws of the District of Columbia the judgment was right and should be sustained. * * *

" For the court to hold, because the note was not actually signed and indorsed in the District of Columbia, where the agreement it evidenced was made, or because it was made payable in another State, that the contract was void as contravening the usury laws of the place of signature and of payment, would be intolerable and against decisions of this court. (*Wayne Co. Sav. Bank* v. *Low*, 81 N. Y. 566; *Western T. & C. Co.* v. *Kilderhouse*, 87 id. 430; *Sheldon* v. *Haxtun*, 91 id. 124.)"

It is also contended by plaintiff that section 45 of the General Corporation Law has no application to a corporate borrower, and that the transaction is not prohibited even by a domestic corporation.

The defendant also relies on section 114 of the Banking Law (as amd. by Laws of 1922, chap. 623). That section does not make a usurious transaction void, but on the contrary provides only for a penalty for taking usurious interest, leaving the transaction valid and enforcible.

The plaintiff says that in addition to the transaction here sued

upon being one which a domestic corporation could enforce there is no ground for alleging that it is tainted with usury.

In *Salvin* v. *Myles Realty Co.* (227 N. Y. 51) the court said: " The loan was made to the realty company. It was the primary .debtor. Rieser was a secondary debtor, having guaranteed to pay the loan if the realty company did not. By express provision of the statute the realty company could not interpose a defense of usury."

In *Moers* v. *American Exchange Nat. Bank, No. 1* (208 App. Div. 473) the court said: " It cannot be doubted that if this plaintiff, as its name gave reason to believe, was a corporation, the undertaking of the note to pay seven per cent interest would not be void as being usurious. The contract would be lawful and no penalty would attach under either the United States or State enactments imposed to mulct by a severe civil fine a banking association making a contract for usury."

There is nothing on the face of the amended complaint from which it can be implied that the transaction or obligation sued upon is one which a New York corporation could not sustain in the courts of New York. The amended answer sets forth no facts by way of defense upon which can be predicated any claim that the transaction is illegal or one upon which a domestic corporation might not sue. The mere conclusion that the contract sued upon is one forbidden by the laws of the State of New York is insufficient upon which to found a defense, without alleging additional facts to show in what respect the transaction is illegal.

The order denying the motion to strike out the defense should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.