FLORA DAVIS, Plaintiff, *v.* WILLIAM A. COLLINS, Defendant.

City Court of New York, New York County, March 28, 1930.

*Burnstine & Geist*, for the plaintiff.

*Alley & Geer*, for the defendant.

STEUER, J.   Action on two promissory notes drawn and signed by the defendant in Virginia on November 25, 1919, payable one and two years after date, and mailed by him to the payee in Ohio, where they were received in regular course of mail.   The notes were given for a good consideration and bear interest at seven per cent and provide for a ten per cent attorney's fee.   Before suit and after maturity the notes were assigned to plaintiff for the purpose of bringing suit.   The defenses raised are usury, the Statute of Limitations, and the plaintiff is not the real party in interest.

The question of usury is governed by the law of the place where the note is made, and the law of the forum is of no consequence. (*City National Bank in Miami* v. *Lake Construction Co.*, 227 App.

Div. 85.) In determining whether the notes were made in Virginia or .Ohio, the intention of the parties is the decisive factor (*Westchester Mortgage Co.* v. *G. R. & I. R. R. Co.*, 246 N. Y. 194) and the place of signing and place of payment are not controlling. (*Staples* v. *Nott*, 128 N. Y. 403.) Here the intention was for making in Ohio and there the notes are valid. The defense of limitations is governed by the law of this State. An additional limitation is placed on actions arising outside of the State in favor of a non-resident, in that such actions must be brought in the time specified in that State also. (Civ. Prac. Act, § 13.) Unless the statute is tolled, the first note is barred by the New York statute. The second note is barred by neither the New York nor the Ohio statutes. Defendant's absence from this State does not toll the statute because section 19 of the Civil Practice Act implies that he must have been a resident at some time prior to the accrual of the action, which in this case he was not. Defendant's letter of August 28, 1922, recognizes the debt, and as it contains nothing inconsistent with an intention to pay the notes, it tolls the statute. (*Manchester* v. *Braedner*, 107 N. Y. 346.) A detailed description is unnecessary. (*Kincaid* v. *Archibald*, 73 N. Y. 189.) As to the last defense the law is not as clear as it might be. The weight of authority is that an assignment constitutes the assignee the real party in interest within the meaning of section 210 of the Civil Practice Act. (See *Spencer* v. *Standard Chemicals & Metals Corp.*, 237 N. Y. 479, 480.) It is immaterial that the assignment is intended solely for convenience in bringing suit. (*Hoppe* v. *Russo-Asiatic Bank*, 200 App. Div. 460.) Counsel showed great skill and diligence in presenting this case, and it is unfortunate that the learning and preparation given by the defendant was not used on a more worthy cause.

Verdict for plaintiff for $1,002.83. Exception to defendant. Five days' stay of execution after service of judgment, with notice of entry, and thirty days to make a case. Submit findings accordingly.