Abraham N. Geller, J.
This is a motion to inspect the Grand Jury minutes of testimony upon which an information was founded and defendant argues that the information is not supported by sufficient legal evidence. The first count of the information charges defendant with the crime of unlawfully engaging in the business of making loans in amounts of $500 or less in violation of section 340 of the Banking Law of the State of New York, and each of the second to ninth counts, inclusive, charges defendant with the crime of unlawfully charging, contracting for and receiving interest and consideration greater than that permitted by law upon the loan of a sum of money of $500 or less in violation of section 357 of the Banking Law. Said sections -are part of article IX of said law, which deals with the subject of small loans.
Section 340 prohibits engaging in the business of making loans in the amount of $500 or less without a license.
Section 357 provides as follows: “ No person, co-partnership, association, or corporation, except as authorized by this article, shall directly or indirectly charge, contract for, or receive any interest, discount, or consideration greater than the lender would be permitted by law to charge if he were not a licensee hereunder * * * No loan of the amount or value of five hundred dollars or less for which a greater rate of interest, consideration, or charges than is permitted by this article has been charged, contracted for, or received, wherever made, shall be enforced in this state and every person in anywise participating therein in thfs state shall be subject to the provisions of this article ” (italics added).
The violation of these sections is made a misdemeanor by section 358 of the Banking Law.
Defendant’s moving papers indicate that he is aware of the evidence which was before the Grand Jury. He asserts various contentions.
He contends that the said evidence does not support the charge that he was engaged in the business of making loans of $500 or less and that therefore he cannot be guilty of violating either sections 340 or 357.
*1098 There is no merit to the contention that the evidence before the Grand Jury fails to sustain the charge that defendant was engaged in the small loan business.. The Grand Jury minutes show that eight small loans were made by defendant, a seaman on a transatlantic steamship, to six other seamen, between the summer of 1957 and December, 1957, five of such loans being made in December, 1957. The defendant is also cognizant of the Grand Jury exhibit which is a list of names and figures in defendant’s handwriting, and which is circumstantial evidence of probative value on this issue. All of the aforesaid evidence, if believed, would be sufficient to justify a finding that defendant was in the business of making small loans.
It is therefore unnecessary to determine whether doing a small loan business, which is clearly a prerequisite for a violation of section 340, is also a requirement for a violation of section 357. However, it would appear from the language of section 357 itself that there is no such requirement. (See People v. Faden, 271 N. Y. 435.)
Defendant’s other contentions relate only to certain of the counts, each of which charges a violation of section 357.
The evidence before the Grand Jury indicates that of the eight loans: one involved both a borrowing and repayment in New York; one involved a borrowing in New York and repayment in a foreign port; one involved a borrowing in New York on which there was no repayment; and five involved borrowing in a foreign port with repayment in New York. The evidence further indicates that the interest charge was 20% per voyage (on all except one loan, and 10% on that one) or several hundred percent a year.
Defendant’s further contentions do not relate to the first three transactions, where the borrowing was in New York. He contends that the last five mentioned loans do not constitute a violation of section 357 because no evidence was introduced before the Grand Jury to show that these loans were usurious where made and that therefore they could be enforced in civil actions in this State even though they would have been usurious if made here. From this premise, he then argues that it would be inconsistent to subject a lender who might enforce his loans civilly in this State, to prosecution under section 357.
In an attempt to buttress this line of reasoning, defendant cites numerous cases allegedly in support of the proposition that all out-of-State loans not usurious where made may be enforced if made here. The most recent of these cases are: City Nat. in this State in a civil action even if they would be usurious *1099 Bank v. Lake Constr. Co. (227 App. Div. 85); Davis v. Collins (137 Misc. 396, affd. 138 Misc. 740); Katz v. Fischel (174 Misc. 589) and James Talcott Inc. v. Jackson (137 N. Y. S. 2d 416).
However, none of the civil eases cited by defendant is applicable. In the first place, the defense of a violation of the Banking Law was not raised in any of them and in many of them it could not have been raised because the amounts involved were greater than those covered by section 357 or its predecessor sections. Moreover, it appears that none of said cases factually involved a usurious intent or a violation of New York’s public policy. However here, the defendant’s loans, bearing an extremely high rate of interest, clearly involved, as the evidence before the Grand Jury shows, a usurious intent and offended the public policy of this State as declared by the Banking Law.
The alleged inconsistency urged by defendant is based on an improper assumption made by him that mere repayment in New York of a small loan at a prohibited rate, which has been charged or contracted for out of this State, does not constitute a violation of the Banking Law which will render the loan unenforcible civilly. This assumption is clearly negated by the language of section 357 quoted above, which applies where excessive interest has been ‘£ charged, contracted for, or received ”, and applies to “ every person in anywise participating therein in this state ”. Thus, when either an excessive ‘ ‘ charging ” or contracting for ” or ‘ receiving ’ ’ takes place in New York there is a complete crime under sections 357 and 358. Furthermore, section 357 specifically prohibits the enforcement of any loan ‘£ wherever made ’ ’ in violation of its provisions. Section 358, after providing that any violation of section 357 is a misdemeanor, provides that any loan which involves such a misdemeanor ££ shall be void and the lender shall have no right to collect or receive any principal, interest or charges whatsoever.” Thus, defendant’s assumption is completely unsound inasmuch as the five loans in question constitute clear violations of sections 357 and 358 and would appear to be unenforcible civilly under the terms of these sections.
Moreover, the test of whether defendant is criminally responsible for a loan is not whether he can recover on it in a civil action, but whether the Banking Law makes it a crime. This it expressly does.
Defendant further makes the tenuous argument that he is not punishable for these five loans because they do not constitute a ££ crime ” under the Penal Law and that the Banking *1100 Law has no express provision for punishment upon a conviction for a misdemeanor thereunder. Section 1930 of the Penal Law provides:
“ The following persons are liable to punishment within the state:
“ 1. A person who commits within the state any crime, in whole or in part ”.
Defendant argues that the word ‘ ‘ crime ’ ’ as used in section 1930 means only violations of the Penal Law and not violations of the Banking Law or other laws. There is no merit whatsoever to this further contention. (See People v. Zayas, 217 N. Y. 78, 81.) A misdemeanor under the Banking Law is just as much a “ crime ” as a misdemeanor under the Penal Law.
In conclusion, I find that the Grand Jury minutes show that sufficient legal evidence has been adduced to sustain the information. Accordingly the motion is denied.
Order entered accordingly.