■ NORSTAR BANK, Appellant, v PICKARD AND ANDERSON et al., Respondents. (Appeal No. 1.)

Memorandum: Plaintiff, Norstar Bank, sued to recover the principal and interest due on a promissory note. Defendants interposed an affirmative defense and counterclaim based on their claim that the interest charged by the bank was usurious. Plaintiff appeals from the order of Supreme Court denying its motion to dismiss the defense and counterclaim based on usury. In support of its motion to dismiss, the bank contended that the variable rate of interest charged on the loan should be averaged over the term of the loan for the purpose of determining whether the interest rate was usurious. The bank also contended that the counterclaim, under 12 USC § 86a, for twice the amount of the usurious interest paid, is outlawed by the two-year Statute of Limitations set forth in that section. Further, the bank contended that it did not "knowingly" charge a usurious rate of interest, because any usurious rate charged was the result of computer error.

Although there is a conflict in authority *(see,* Annotation, *Usury in Connection with Loan Calling for Variable Interest Rate,* 18 ALR4th 1068), we believe the better rule is that, in the case of a loan at a variable rate of interest, the interest charged should not be averaged over the term of the loan in determining whether a usurious rate has been charged *(see, Sailboat Apt. Corp. v Chase Manhattan Mtge. & Realty Trust,* 363 So 2d 564 [Fla App 3d Dist 1978]; *see also, McConnell v Merrill Lynch, Pierce, Fenner & Smith,* 21 Cal 3d 365, 578 P2d 1375; *contra, O'Brien v Shearson Hayden Stone,* 90 Wash 2d 680, 586 P2d 830).

According to the terms of the promissory note, the interest rate was 2½% over the bank's prime rate. For 19 of the first 24 months of the loan, the interest payments exceeded the legal rate authorized by 12 USC § 86a. If defendants were compelled to average the rate of interest charged over the full

term of the loan, they would not know whether a usurious rate was being charged until the end of the term. Thus, they would be compelled to make excessive interest payments for a substantial period and would not be able to seek relief from the usurious payments until the expiration of the loan. On the other hand, the bank could have readily avoided charging usurious interest on its loan by placing a cap on the charges for interest so that no payment would exceed the variable legal rate provided by the Federal statute. In the alternative, it could have defined the interest rate in terms of the legal rate (no more than 5% in excess of the discount rate [12 USC § 86a]).

Defendants' counterclaim for twice the usurious interest paid is not time barred, even though the action was commenced and the counterclaim was interposed more than two years after the last payment on the loan. CPLR 203 (c) may operate to toll the period of limitations provided by 12 USC § 86a *(see, Public Loan Co. v Hyde,* 63 AD2d 193, 195, *affd* 47 NY2d 182, 185; *Lincoln First Bank v Rupert,* 60 AD2d 193). "Here, this particular counterclaim arose out of the transaction sued upon and thus is not untimely" *(Public Loan Co. v Hyde, supra,* at 185).

In support of its contention that it did not "knowingly" charge a usurious rate of interest, the bank submitted an affidavit of one of its officers in which he states that the bank's computer software was capable of placing a cap on the rate of interest charged and that "apparently there was a computer error in failing to punch the loan into the computer properly." Although in a proper case computer error may be a defense to a claim of usury on the ground that the statute was not "knowingly" violated *(Heelan v Security Natl. Bank,* 73 Misc 2d 1004, cited with approval in *Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 262), the bank's submission on this issue was not in evidentiary form, and thus was not sufficient to sustain its burden on its motion for summary judgment.

Although at Special Term defendants moved for partial summary judgment, they did not appeal from the denial of their motion. On appeal defendants ask that we grant partial summary judgment in their favor. Although we are empowered, on appeal, to grant summary judgment to a nonmoving party *(Wiseman v Knaus,* 24 AD2d 869), we decline to do so because plaintiff showed by affidavit that facts to sustain its position that it did not "knowingly" violate the usury law may exist but could not then be stated *(see,* CPLR 3212 [f]). Because plaintiff has now had sufficient time to ascertain the facts, our

order does not preclude defendants from renewing the motion for summary judgment in their favor. (Appeal from order of Supreme Court, Cayuga County, Contiguglia, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.