■ NORSTAR BANK, Appellant-Respondent, v PICKARD AND ANDERSON et al., Respondents-Appellants.—Order unanimously affirmed without costs. Memorandum: On a prior appeal, we determined that Norstar had charged a usurious rate of interest, but we declined to grant summary judgment in favor of defendants, noting that our order did not preclude a renewal of the motion after plaintiff had an opportunity to present evidence showing that the usurious rate was not "knowingly" charged (*Norstar Bank v Pickard & Anderson,* 140 AD2d 1002). Defendants renewed the motion. Norstar opposed the motion and cross-moved for summary judgment in its favor, stating that it did not intend to charge the usurious rate; that it had a procedure in place which was designed to "cap" the rate of interest charged on the loan so that it would not exceed the legally permissible rate; but that, through inadvertence, this procedure was not applied to the loan in question. Supreme Court denied both motions.

A lender will be held to have knowingly exacted excess interest if it intentionally charges or receives more than the legal rate for a loan; the lender need not have the specific intent to violate the usury laws (*Kin-Ark Corp. v Boyles,* 593 F2d 361, 364 [10th Cir]; *Kissell Co. v Gressley,* 591 F2d 47, 53 [9th Cir]). Usurious intent may be implied from the charging or receiving of interest greater than the legal rate (*De Korwin v First Natl. Bank,* 275 F2d 755 [7th Cir], *cert denied sub nom. Jones v Kaufman,* 364 US 824; *Jenkins v Dugger,* 96 F2d 727 [6th Cir], *cert denied* 305 US 623; *Fiedler v Darrin,* 50 NY 437, 443). When the agreement is not usurious on its face, however, the presumption of usurious intent is not conclusive (*Hotel Co. v Wade,* 97 US 13, 23; *Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 262) and may be rebutted by evidence that the excessive charge was the result of an honest mistake or inadvertence (*Lloyd v Scott,* 4 Pet [29 US] 205, 224; *Kin-Ark Corp. v Boyles, supra,* at 365; *Freitas v Geddes Sav. & Loan Assn., supra,* at 262-263; *Moers v American Exch. Natl. Bank,* 208 App Div 473).

Here, the loan agreement was not usurious on its face and the plaintiff presented evidence tending to show that it did not intend to charge a rate of interest that exceeded the legal rate, but did so only by inadvertence or honest mistake. A trial is necessary to resolve this issue of intent.

We reject plaintiff's contention that the 1980 amendment to Banking Law § 108 (4) (b) (L 1980, ch 883, § 6), which became effective December 1, 1980 (L 1980, ch 883, § 98), should be applied retroactively to the loan agreement in this case.

Assuming, arguendo, that the amendment would otherwise apply to this loan, General Obligations Law § 5-501 (4) expressly provides that, "[e]xcept as otherwise provided by law, interest shall not be charged, taken or received on any loan or forbearance at a rate exceeding such rate of interest as may be authorized by law *at the time the loan or forbearance is made"* (emphasis added). Because the 1980 amendment did not otherwise provide, it cannot be applied retroactively to loans made prior to its effective date. (Appeals from order of Supreme Court, Cayuga County, Contiguglia, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Lawton and Davis, JJ.